FRANK T. WESTCOTT, Respondent, Appellant, *v.* THE STATE OF NEW YORK, Appellant, Respondent.

(Claim No. 25269.)

Third Department, July 1, 1942.

*John J. Bennett, Jr., Attorney-General [James H. Glavin, Jr., and Harold Greenstein, Assistant Attorneys-General, of counsel], for the defendant-appellant-respondent.*

*Clark, Gagliardi, Cunningham & Bailey [William D. Cunningham of counsel], for the claimant-respondent-appellant.*

Schenck, J.   This is an appeal by the State of New York and a cross-appeal by the claimant from a judgment of the Court of Claims awarding claimant the sum of $10,712.32.   Claimant contends in its cross-appeal that the award was inadequate.

The controversy arises from a contract awarded claimant for construction of a bridge or viaduct in what was formerly known as the " World's Fair " area.   The first and basic operation in the construction was the driving and installation of piling.   The record upon this point is long and complicated.   In essence, however, it can be condensed to the question of whether or not the State required such material variations in piling work actually done from the piling work outlined in the contract as to constitute a breach of the contract.   The Court of Claims has found, referring to the orders covering the piling, that " the order list is such a radical change in the plan and design of the work to be done under claimant's contract as to effect a breach thereof."   Thereupon, the court made an allowance of damages based on the cost to claimant of completing the contract, plus overhead and profit, less the amount paid by the State.   I believe that the holding that there has been a breach of the contract should be sustained on law and facts.   I further believe that the evidence supports the amount of damages awarded and that the method of fixing said damages is justified in view of the complicated state of the record in this respect, and the impossibility of establishing a precise formula as a basis for determination of the damages.

The claimant's cross-appeal should be dismissed and on defendant's appeal the judgment should be affirmed.   The undisputed evidence is that the contract described the piles to be furnished as follows:

" (1)   Non-creosoted piles:
2,000 linear feet up to 49 ft. long;
3,200 linear feet of 50 to 59 ft. long;
17,000 linear feet of 60 to 69 ft. long;
100 linear feet of 70 to 80 ft. long.

(2) Creosoted piles:
    100 linear feet of 50 to 59 ft. long;
    100 linear feet of 60 to 69 ft. long;
    3,000 linear feet of 70 to 80 ft. long."

After tests were made by State engineers, however, it was found necessary to completely readjust the schedules, and piles mostly of lengths of eighty-four, eighty-nine and ninety-five feet were required. There is, furthermore, sufficient evidence to sustain a finding that in addition to the varied footage, different types of lumber are required for the longer piles. There apparently were sufficient piles in the available New York market to meet the specifications in the contract. Much of the piling over eighty feet, however, had to be transported a great distance and at considerably greater cost. In addition, the longer piles required more expensive, more laborious and slower driving.

The net result of all of this was to delay performance of the contract by claimant and to compel him to complete the work at greatly increased cost over the estimate submitted by him as the basis of the original schedule of piling set forth in the contract. When the State, by its construction orders, required the changes to be made, therefore, it obligated itself to pay for the extra work. The fact is immaterial that the original plan and specifications provided that " there is no expressed or implied agreement that depths or the character of the material encountered have been correctly indicated and bidders should take into account the possibility that conditions affecting the cost and quantities of the work to be done may differ from those indicated. * * *." Changes in requirements such as were ordered here have generally and properly been held to constitute such a breach of contract as to nullify such provisions as the foregoing. In *Smith Contracting Co.* v. *City of New York* (240 N. Y. 491) it was held that a contractor could recover when compelled to supply steel pieces of materially different weight and number from those required by the contract. Similarly, in *National Contracting Co.* v. *Hudson River Water Power Co.* (192 N. Y. 209), it was held that a change from a masonry dam to an earth dam with masonry core constituted a breach of contract by defendant even though the contract specifically permitted variations.

From the nature of the variations it is impossible to establish a formula to determine just how much of the delay was occasioned by the changes in piling requirements and how much by other causes. The Court of Claims has made an allowance for eight weeks and this appears to be justified under the circumstances. In addition an arbitrary allowance of fifteen per cent for overhead

and profit has been made which likewise is sustainable in the absence of a mathematical basis for the computation of damages. The balance of the award comprises a conceded item and some extra work for which claimant seems clearly entitled to the fair and reasonable cost thereof.

The judgment should be affirmed.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment unanimously affirmed, with costs.