■ MARS ASSOCIATES, INC., et al., Respondents, v BOARD OF EDUCATION OF THE CITY OF NEW YORK (INTERMEDIATE SCHOOL 302, KINGS COUNTY), Appellant.—Judgment, Supreme Court, New York County, entered June 27, 1975, in favor of the plaintiff, after a jury trial, unanimously modified, on the law, to the extent of directing a new trial on the third cause of action and otherwise affirmed, without costs and disbursements. Mars Associates, Inc., and Normel Construction Corp. (hereinafter referred to as the contractor) entered into an agreement with the board of education for the construction of a school in Brooklyn, New York. During the course of construction, the contractor was directed to repair a sewer which had collapsed in an excavation made by the contractor. The repairs were made under protest and the contractor sought to recover its costs incurred as a result of making those repairs. The contractor also sought to recover for its expenses incurred owing to delays in construction which it claimed were attributable to the defendant. While there were other claims presented, it was only the above two, denominated as the third and fourth causes of action in the complaint, which were submitted to the jury for resolution. It is only the verdict in favor of the contractor on each of these two causes of action which is the subject of review by this court. The verdict on the third cause of action is attacked as improper because of the erroneous instructions given to the jury. The claim of the defendant was that the collapse of the sewer was the fault of the contractor, and expert testimony was presented to buttress that position. The plaintiff's general superintendent testified that the required supports for the collapsed sewer were installed at the excavation site. The court instructed the jury that: "With regard to the question of the cause of the collapse of the sewer, I now charge you that it is the burden of the defendant to establish the cause of the collapse of the sewer by a fair preponderance of the credible evidence. That is the defendant's burden." Exception was taken by defense counsel. We find that this instruction constitutes reversible error. Paragraph 2A-06 of the General Conditions of the contract provided that: "(a) All excavation shall be properly guarded and protected so as to prevent them from becoming dangerous to person or property. Where necessary they shall be sheet piled, braced or shored to prevent the earth from caving in. (b) When excavations are made adjacent to existing structures, the Contractor shall do all required bracing, shoring and protecting of the adjacent structures." The burden therefore was on the contractor to prove compliance with those conditions and not upon the defendant to show lack of compliance. The defendant is therefore entitled to a new trial on the third cause of action. However, we find that the verdict as to the fourth cause of action was proper. The defendant does not deny that the delay was properly attributed to it, but claims that the "Eichleay formula" used to compute damages was improper. The computations placed

in evidence and known as the "Eichleay formula" were based on a mathematical computation, rather than a percentage overhead factor. Mathematical computations rather than comparatively speculative percentage factors are to be favored in determining overhead (see, e.g., *Westcott v State of New York,* 264 App Div 463, 465–466). We conclude, therefore, that it was proper for the trial court to allow the jury to consider the evidence adduced during the trial regarding the "Eichleay formula" and to allude to such evidence in its instructions to the jury. Settle order on notice. Concur—Markewich, J. P., Kupferman, Lupiano, Silverman and Lane, JJ.