## (October 6, 1977)

■ BERLEY INDUSTRIES, INC., Respondents, v CITY OF NEW YORK, Appellant.—Judgment, Supreme Court, New York County, after trial to a jury, entered May 11, 1977, affirmed, without costs and without disbursements. It is undisputed that the trial court submitted both the "Eichleay formula," advanced by plaintiff-respondent as a basis for computing that portion of damage relating to overhead attributable to delay caused by defendant-appellant city, as well as the formula advanced by the city's expert, both in clear and unexceptionable language. It is, however, the city's position that the Eichleay formula is without validity and should not have been permitted to be advanced before the jury. We have heretofore decided to the

contrary and are constrained by our prior decision. "We conclude * * * that it was proper for the trial court to allow the jury to consider the evidence adduced during the trial regarding the 'Eichleay formula' and to allude to such evidence in the instructions to the jury." *(Mars Assoc. v Board of Educ.,* 53 AD2d 532, 533, not further appealed.) Concur—Birns, Capozzoli and Markewich, JJ.; Murphy, P. J., dissents in the following memorandum: Under the subject agreement, plaintiff was to commence work on May 8, 1969 and to complete performance by May 7, 1971. As a result of a delay caused by the general contractor, plaintiff was only able to complete 87% of its job by May 7, 1971. Eventually, the plaintiff was able to complete its contract on February 29, 1972, a delay of 335 days. The jury awarded the sum of $34,696.55 as the total damages caused by the delay. In the charge, the trial court permitted the jury to consider, as plaintiff contended, that a figure of $19,262 was the damages allocated to increased overhead. That figure was calculated by plaintiff's expert under the "Eichleay formula". In employing this formula, plaintiff's expert first calculated the total billings ($5,801,952) for the period December 16, 1969 to February 29, 1972. He then determined the percentage that the billing in this contract ($473,071) bore to the total billing. Based on that percentage, it was determined that $46,342 of the total overhead ($568,352) for the period was allocable to this contract. Spread over the 806 days it took to complete this contract, it was calculated that the overhead per day was $57.50. The increased overhead of $19,262 was calculated by multiplying the daily overhead ($57.50) by the number of days in the delay (335). The damages computed under the "Eichleay formula" would be the same in this case whether the plaintiff had completed only 1% or 99% of the job on the scheduled completion date of May 7, 1971. This rather bizarre result is caused by the fact that the "Eichleay formula" focuses on the length of the delay to the exclusion of many other important factors bearing on actual damages. If, on May 7, 1971, the plaintiff was merely required to spend $100 to complete the job, the "Eichleay formula" would still require that the defendant pay $19,262 for the 335-day delay. Under this hypothetical situation, the use of the "Eichleay formula" would clearly work a gross injustice upon the defendant. Notwithstanding the recent decision in *Mars Assoc. v Board of Educ.* (53 AD2d 532), I can only conclude that the mathematical computations under the "Eichleay formula" produce a figure with, at best, a chance relationship to actual damages and, at worst, no relationship at all. For this reason, I would definitely reject the use of that formula in this type of case. The trial court should never have permitted the jury to consider the damages based upon this highly unreliable formula. It should be emphasized that, on this record, I do not embrace the defendant's "percentage formula" although I realize that such a formula has been adopted in particular cases *(Terry Contr. v State of New York,* 42 AD2d 619, 621). However, I would be willing to accept the use of the "percentage formula" upon a clearer showing that it bears some rational relationship to plaintiff's actual increased overhead. For the foregoing reasons, I recommend that the judgment be modified, by reversing so much thereof as awarded damages of $34,696.55 to the plaintiff, by remanding this matter for a new trial limited to the issue of damages, and that, as modified, it should be affirmed.