■ PORT CHESTER ELECTRICAL CO., INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 62773.) — In a claim to recover damages for breach of a public construction contract, the State of New York appeals from a judgment of the Court of Claims (Weisberg, J.), dated March 16, 1983, which was in favor of claimant Port Chester Electrical Company, Inc. (Port Chester) in the principal sum of $116,737.51. ¶ Judgment modified, on the facts, by reducing the amount awarded to the principal sum of $111,375.84. As so modified, judgment affirmed, with costs to the State, and matter remitted to the Court of Claims for entry of an appropriate amended judgment. ¶ Claimant is an electrical contractor, which, in 1975 was awarded a contract by the State for electrical work on the renovation of the Bear Mountain Inn, located in Bear Mountain State Park, Bear Mountain, New York. Several other contracts were awarded at the same time to other contractors. The job was completed behind schedule. ¶ After completing the work, Port Chester filed a claim against the State in the Court of Claims. Port Chester successfully argued that the State breached its contract by failing to properly plan and co-ordinate the work of the prime contractors. Port Chester alleged this failure resulted in extraordinary delay and that as a consequence it incurred excess costs in performing the work. After trial, the court found delay and interference on the part of the State and, utilizing the total cost theory of damages, awarded damages in the sum of $155,650.01, which it apportioned 75% against the State and 25% against another contractor, resulting in an award of $116,737.51. ¶ On this appeal, the State concedes liability but disputes the damage award. Initially, the State contends that the Court of Claims improperly used the total cost theory. We disagree. Where a claimant sets forth its actual costs, together with any allowance for overhead and profit without regard to bid figures, such a theory of damages has been sanctioned (see *Fehlhaber Corp. & Horn Constr. Co. v*

*State of New York,* 69 AD2d 362, 368; *D'Angelo v State of New York,* 41 AD2d 77, 80; *Westcott v State of New York,* 264 App Div 463, 464). In this case, the court properly based its calculation of Port Chester's total costs upon unrebutted testimony and Port Chester's books and records (see *Fehlhaber Corp. & Horn Constr. Co. v State of New York, supra; D'Angelo v State of New York, supra*). ¶ However, the court inadvertently neglected to consider two credits due the State and the judgment should be modified accordingly. Port Chester concedes that the State should recover the benefit of a $1,000 credit which it received from its fixture supplier. Also, there was testimony that 100 hours of labor were expended by Port Chester installing improper wiring. Port Chester's counsel conceded at trial that these labor hours are not attributable to the State. We reject Port Chester's argument on appeal that this error was caused by the State. ¶ Therefore, the cost of materials, which the Court of Claims found to be $148,176, should be reduced by the $1,000 credit to $147,176. The cost of direct labor should be reduced by $1,524 (which represents 100 hours of labor as conceded by the parties) from $167,554.80 to $166,030.80. To this figure is added $87,000.14 as the cost of fringe benefits on direct labor based on a stipulated percentage of 52.4%. The cost of labor therefore equals $253,030.94. Thus, Port Chester spent a total of $400,206.94. Allowing for a 10% overhead and an 8% profit, this brings the total allocated to Port Chester for the completion of the project to $472,244.19. ¶ Port Chester was paid $323,743.06 by the State. The cost of the job plus overhead plus profit exceeds the amount paid by $148,501.13. Of this, 75% is attributable to delays and disruptions caused by the State. Port Chester is therefore entitled to recover the principal sum of $111,375.84 from the State for breach of contract. Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.