■ George H. Frisbee et al., Appellants, v 156 Railroad Avenue Corporation et al., Defendants, and J.M. Rich, LLC, et al., Respondents. [924 NYS2d 640]—

Lahtinen, J. Appeal from an order of the Supreme Court (O'Connor, J.), entered April 14, 2010 in Albany County, which, among other things, granted a motion by defendants J.M. Rich, LLC and J.M. Rich Enterprises, Inc. for summary judgment dismissing the complaint against them.

Plaintiff George H. Frisbee (hereinafter plaintiff) was installing a security system at a building undergoing renovations when he allegedly slipped and fell on carpet glue recently applied to the cement floor by a subcontractor on the project. The building

was owned by defendant 156 Railroad Avenue Corporation and the relevant portion had been leased to defendant Hanes Supply, Inc. and related defendant entities (hereinafter collectively referred to as Hanes Supply). 156 Railroad contracted to have defendant Landmark Flooring Concept, Inc. renovate the premises, and Landmark subcontracted the carpeting work to defendants J.M. Rich, LLC and J.M. Rich Enterprises, Inc. (hereinafter collectively referred to as J.M. Rich). Hanes Supply contracted with plaintiff's employer, Sonitrol Security, for installation of a security system. Employees of J.M. Rich applied glue to the floor in preparation for installing a new carpet, but before they placed the carpet, plaintiff entered the room and fell.

Plaintiff and his wife, derivatively, commenced this action alleging liability under common-law negligence, Labor Law § 200 and Labor Law § 241 (6). Following disclosure, the parties made various substantive and procedural motions. Prior to Supreme Court's decision, plaintiffs discontinued their action as to 156 Railroad, Hanes Supply and Landmark. Supreme Court then granted J.M. Rich's motion for summary judgment dismissing the complaint in its entirety. Plaintiffs appeal contending that there are factual issues as to their Labor Law § 200 and common-law negligence causes of action.

The Labor Law § 200 cause of action was properly dismissed. That statute is directed at owners and general contractors, and the "rare case" where a subcontractor may be liable under the statute must include a showing that the subcontractor had "authority and control over plaintiff's 'work' " (*Ryder v Mount Loretto Nursing Home*, 290 AD2d 892, 894 [2002]; *see Bell v Bengomo Realty, Inc.*, 36 AD3d 479, 481 [2007]; *Rice v City of Cortland*, 262 AD2d 770, 772 [1999]; *see generally Guclu v 900 Eighth Ave. Condominium, LLC*, 81 AD3d 592, 593 [2011]; *Walsh v Sweet Assoc.*, 172 AD2d 111, 113-114 [1991], *lv denied* 79 NY2d 755 [1992]). J.M. Rich was a subcontractor of the general contractor, who had been hired by the owner. Plaintiff was on the premises as an employee of a security firm retained by the lessee. There is no proof that J.M. Rich had any authority or control over plaintiff's work and, thus, Labor Law § 200 liability by J.M. Rich is not implicated on these facts.

We find merit, however, in plaintiffs' argument that they raised triable issues regarding negligence. Where a subcontractor creates a condition on the premises that results in an unreasonable risk of harm and that condition is a proximate cause of a worker's injuries, then common-law negligence may be implicated (*see Bell v Bengomo Realty, Inc.*, 36 AD3d at 481;

*Ryder v Mount Loretto Nursing Home,* 290 AD2d at 894). Here, there was testimony by one individual familiar with commercial carpeting who described the glue as being "like ice" when first applied. Plaintiff testified at his deposition that he did not know glue had been applied, there were no barriers or caution tape in the doorway and none of the carpet installers otherwise warned him. According to plaintiff, when he walked into the room to attend to his work, he could not see the glue because the room had no windows and it was dimly lit. J.M. Rich contested much of plaintiff's testimony and presented contrary proof regarding key facts. However, the evidence must be viewed in the light most favorable to the opponent of summary judgment (*see e.g. Bailey v County of Tioga,* 77 AD3d 1251, 1253 [2010]). Plaintiffs' proof presented a scenario of J.M. Rich leaving a dimly lit room with a slippery surface and no warnings while knowing that other workers were in the vicinity. This is sufficient to raise a triable issue as to common-law negligence.

Mercure, J.P., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendants J.M. Rich, LLC and J.M. Rich Enterprises, Inc. for summary judgment dismissing the common-law negligence cause of action against them; motion denied to that extent; and, as so modified, affirmed.