■ ROBERT MARSHALL, Appellant, v GLENMAN INDUSTRIAL & COMMERCIAL CONTRACTOR CORPORATION et al., Respondents. [985 NYS2d 169]—

McCarthy, J. Appeal from an order of the Supreme Court (Zwack, J.), entered November 26, 2012 in Ulster County, which, among other things, granted defendants' cross motions for partial summary judgment dismissing the Labor Law § 200 cause of action and, sua sponte, dismissed the Labor Law § 241 (6) cause of action against defendant Glenman Industrial & Commercial Contractor Corporation.

Plaintiff was employed as a tile and marble worker at a building undergoing extensive renovations when, while carrying materials to his work site, he allegedly fell down the stairs after his boot became caught on a piece of metal protruding from a stair. Defendant Glenman Industrial & Commercial Contractor Corporation was the general contractor for the project and Glenman subcontracted, among other things, the flooring work to plaintiff's employer and the welding and metal work to defendant Model Iron Works, Inc. According to plaintiff, the accident happened between the second and third floors while he was descending "[s]tairwell B," a stairway regularly used by the various workers and subcontractors engaged in the renovation. As he attempted to step onto the landing, his boot was pierced and caught by a protruding piece of metal that projected approximately two to three inches from the stairwell post, causing him to tumble down the stairs to the landing of the next floor. Plaintiff described the protrusion as a flat piece of "[b]lack stock steel," approximately one-eighth-inch thick and $1^1/2$ inches wide. After plaintiff reported the accident, the owner's building superintendent retrieved a saw and cut off the projecting portion of metal, which he described as a "tripping hazard," and threw it away.

Subsequently, plaintiff commenced this action against Glenman and Model Iron, alleging causes of action asserting violations under Labor Law §§ 200 and 241 (6) against Glenman, and a cause of action alleging a violation of Labor Law § 200 against Model Iron. Plaintiff alleged, among other things, that Model Iron, the subcontractor performing metal work for the project, must have welded the metal piece to the staircase and failed to properly trim it back out of harm's way. He further maintained that Glenman breached its duty to maintain the stairways and other passageways in a safe condition as required by safety regulations and failed to correct an unsafe condition caused by Model Iron. Following discovery, plaintiff moved for partial summary judgment against Glenman with respect to the Labor Law § 241 (6) cause of action. Defendants separately cross-moved for partial summary judgment dismissing plaintiff's Labor Law § 200 and/or negligence cause of action. In seeking dismissal of these latter claims, defendants relied on proof indicating that Model Iron was not assigned to perform any work on stairwell B and reportedly did not weld the metal piece that allegedly caused plaintiff to trip and fall. Supreme Court, among other things, denied plaintiff's motion for partial summary judgment and granted defendants' cross motions. Additionally, the court, sua sponte, granted summary judgment to Glenman dismissing plaintiff's Labor Law § 241 (6) cause of ac-

tion. Accordingly, the court dismissed the complaint in its entirety, prompting this appeal by plaintiff.

Supreme Court improvidently dismissed plaintiff's Labor Law § 241 (6) claim against Glenman. Notably, "Labor Law § 241 (6), by its very terms, imposes a *nondelegable* duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998] [internal quotation marks and citations omitted]). "To establish a claim under Labor Law § 241 (6), [a] plaintiff must allege that [the] defendant[ ] violated a rule or regulation promulgated by the Commissioner of Labor that sets forth a specific standard of conduct" (*St. Louis v Town of N. Elba*, 70 AD3d 1250, 1250 [2010], *affd* 16 NY3d 411 [2011] [citation omitted]; *see Oakes v Wal-Mart Real Estate Bus. Trust*, 99 AD3d 31, 40 [2012]). "[O]nce it has been alleged that a concrete specification of [such a rule or regulation] has been violated, it is for the jury to determine whether the negligence of some party to, or participant in, the construction project caused plaintiff's injury" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d at 350).

Here, plaintiff relies upon 12 NYCRR 23-1.7 (e) (1), which provides: "(e) Tripping and other hazards. (1) Passageways. All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered." This regulation appropriately "mandat[es] compliance with concrete specifications" as required to state a claim under Labor Law § 241 (6) (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]; *see Mugavero v Windows By Hart, Inc.*, 69 AD3d 694, 695 [2010]; *Farina v Plaza Constr. Co.*, 238 AD2d 158, 159 [1997]; *Colucci v Equitable Life Assur. Socy. of U.S.*, 218 AD2d 513, 514-515 [1995]). In fact, 12 NYCRR 23-1.7 (e) (1) fits squarely within the largely unchallenged version of events described by plaintiff, namely that, while utilizing a passageway commonly used by workers engaged in the renovation project, he encountered an "obstruction[ ] or condition[ ]" in the form of a projecting piece of sharp metal that cut his work boot and caused him to trip and sustain injuries.

Nevertheless, Supreme Court searched the record and dismissed this cause of action based solely on the absence of definitive proof from plaintiff, the injured worker, as to the precise person or entity responsible for creating the alleged tripping

hazard. Specifically, the court, citing the Court of Appeals' decision in *Rizzuto v L.A. Wenger Contr. Co. (supra)*, held that there can be no liability, as a matter of law, "unless and until it is shown that another party's negligence caused the injuries." Under the circumstances, the court's holding was too restrictive and prematurely decided issues more appropriately left for a jury's consideration.

Significantly, the Court of Appeals, in *Rizzuto*, held that a Labor Law § 241 (6) claim invoking an otherwise appropriate regulation was improperly dismissed despite the absence of any notice of the hazard to the general contractor where a jury could "have rationally concluded that someone within the chain of the construction project was negligent in not exercising reasonable care, *or acting within a reasonable time, to prevent or remediate the hazard*, and that [the] plaintiff's slipping, falling and subsequent injury proximately resulted from such negligence" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d at 351 [emphasis added]). A similar situation is presented here, inasmuch as plaintiff has presented a scenario whereby a jury could find that "someone" working on the renovation project could have affixed the protruding metal piece and/or failed to timely discover and remove the hazard. Notably, Glenman's president acknowledged that any discovery of such a condition would have prompted his employees to block off the area and remove the obstruction. In any event, as the Court of Appeals made clear, "once it has been alleged that a concrete specification of the [Industrial] Code has been violated, it is for the jury to determine whether the negligence of some party to, or participant in, the construction project caused [the] plaintiff's injury" (*id.* at 350). Inasmuch as it appears that this issue was improperly decided as a matter of law, dismissal of that claim was inappropriate.

As for plaintiff's argument that he was entitled to partial summary judgment on this claim because the alleged violation of 12 NYCRR 23-1.7 (e) (1) is "not conclusive on the question of negligence" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d at 351), Supreme Court properly denied plaintiff's motion. "[T]he issue of whether the . . . operation or conduct at the worksite was reasonable and adequate under the particular circumstances" is more appropriately left for resolution by a jury (*id.*).

Turning to Supreme Court's dismissal of plaintiff's Labor Law § 200 claims and, as amplified by the bill of particulars, related common-law negligence claims against defendants, we find no basis for reversal. With respect to the statutory claim against Model Iron, "[t]hat statute is directed at owners and general

contractors, and the rare case where a subcontractor may be liable under the statute must include a showing that the subcontractor had authority and control over [the] plaintiff's work" (*Frisbee v 156 R.R. Ave. Corp.*, 85 AD3d 1258, 1259 [2011] [internal quotation marks and citation omitted]; *see Ryder v Mount Loretto Nursing Home*, 290 AD2d 892, 894 [2002]). Given the absence of any proof that Model Iron, the metal subcontractor, had any authority or control over plaintiff's work as a tile installer, such claim must fail (*see Oakes v Wal-Mart Real Estate Bus. Trust*, 99 AD3d at 42; *Bell v Bengomo Realty, Inc.*, 36 AD3d 479, 481 [2007]). As for any claims against Model Iron sounding in common-law negligence, "[w]here a subcontractor creates a condition on the premises that results in an unreasonable risk of harm and that condition is a proximate cause of a worker's injuries, then common-law negligence may be implicated" (*Frisbee v 156 R.R. Ave. Corp.*, 85 AD3d at 1259; *see Ryder v Mount Loretto Nursing Home*, 290 AD2d at 894). Here, however, plaintiff failed to produce any nonspeculative proof in opposition to Model Iron's motion that would defeat that party's showing that it was not assigned any work on stairwell B and did not weld the metal piece that allegedly caused plaintiff to fall.

Supreme Court properly dismissed the Labor Law § 200 and common-law negligence claims against Glenman. To the extent that they are premised upon the failure to correct negligent acts by Model Iron, given the absence of any evidence that Glenman "had a direct hand, through either control or supervision, in the injury-producing work" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 504), plaintiff's negligence and Labor Law § 200 claims must fail. Regarding the argument that Glenman was negligent in performing its general supervisory function of inspecting the work site and ameliorating, through its hired laborers, a "premises defect," this claim was also properly dismissed under the circumstances herein, given the absence of proof that Glenman had actual or constructive notice of the alleged hazardous condition (*compare Oakes v Wal-Mart Real Estate Bus. Trust*, 99 AD3d at 41).

All remaining contentions not specifically addressed above have been examined and found to be unpersuasive.

Stein, J.P., Rose and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as, sua sponte, granted partial summary judgment dismissing the Labor Law § 241 (6) cause of action against defendant Glenman Industrial & Commercial Contractor Corporation, and, as so modified, affirmed.