■ JOSEPH MADDOX, Appellant, v TISHMAN CONSTRUCTION CORPORATION et al., Respondents. [30 NYS3d 93]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered March 25, 2015, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims, unanimously affirmed, without costs.

Contrary to plaintiff's contention, the double-stacking of the sand and cement bags at the work site was not an inherently dangerous condition of the work site but a result of the means and methods of the injury-producing work (*see Dalanna v City of New York*, 308 AD2d 400, 401 [1st Dept 2003]). Defendants established prima facie that they exercised no supervision or control over plaintiff's work and therefore cannot be held liable for plaintiff's injuries under common-law negligence principles or Labor Law § 200 (*see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc.*, 104 AD3d 446, 449 [1st Dept 2013]). In opposition, plaintiff failed to raise an issue of fact. He argues that defendants had the authority to stop the work and that they regularly inspected the job site. However, regular general inspection of a site to ensure that work is progressing according to schedule and the authority to stop any work perceived to be unsafe are not enough to warrant imposing liability (*id.* at 449; *Singh v Black Diamonds LLC*, 24 AD3d 138, 140 [1st Dept 2005]). In view of the foregoing, we need not reach the issue whether defendants had actual or constructive notice of the stacked bags (*see Alonzo*, 104 AD3d at 449).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Friedman, Richter and Kahn, JJ.