*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 20, 2016                521882
_____

WILLIAM WRIGHT,

                          Appellant,

        v

ELLSWORTH PARTNERS, LLC, et al.,
                          Defendants
                          and Third-
                          Party                    MEMORANDUM AND ORDER
                          Plaintiffs-
                          Respondents;

JAG I, LLC,

                          Third-Party
                          Defendant-
                          Respondent.

_____


Calendar Date:   September 7, 2016

Before:  Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ.

_____


        Finkelstein & Partners LLP, Newburgh (Lawrence D. Lissauer
of counsel), for appellant.

        Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany
(Mark J. Dolan of counsel), for defendants and third-party
plaintiffs-respondents.

_____



Peters, P.J.

        Appeal from an amended order of the Supreme Court (Muller,
J.), entered May 20, 2015 in Warren County, which, among other
things, granted defendants' motion for summary judgment
dismissing the complaint.

Plaintiff, an employee of third-party defendant, JAG I, LLC, sustained a traumatic brain injury and multiple fractures in an accident at a construction site in the Town of Malta, Saratoga County. JAG I had been hired by defendant AP Construction, LLC, the general contractor, to perform concrete and masonry work on the project, which was located on property owned by defendant Ellsworth Partners, LLC. On the date of the accident, plaintiff was instructed by a JAG I supervisor to go to the fourth floor of the building to assist other JAG I employees in cleaning up the site. Upon arriving, plaintiff observed his coworkers dismantling and stacking scaffolding frames. To stack the scaffolding, JAG I employees fastened one end of a crossed set of pipes (hereinafter X-brace) to each side of a frame section, with the other end of each X-brace angling down into the floor and braced against four 8-inch by 16-inch masonry blocks. Additional frame sections were then leaned against the fastened scaffolding frame, much like a row of folding chairs is leaned against a wall. After approximately 10 to 15 scaffolding frames had been stacked, the X-brace either slipped or failed, causing the row of scaffolding to fall forward like "dominos" and strike plaintiff.

Plaintiff commenced this action alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), as well as common-law negligence. After joinder of issue, defendants impleaded JAG I seeking contractual indemnification. JAG I thereafter moved for summary judgment dismissing the complaint and the third-party complaint, and defendants moved for summary judgment dismissing the complaint or, in the alternative, summary judgment granting the relief sought in the third-party complaint. Plaintiff opposed both motions and moved for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim. Supreme Court granted JAG I's motion in its entirety as well as that part of defendants' motion which sought dismissal of the complaint, and denied the balance of the requested relief. Plaintiff appeals.

We first address plaintiff's Labor Law § 240 (1) claim. To establish entitlement to recovery under the statute, a plaintiff must demonstrate that "a failure to provide the required protection at a construction site [] proximately caused the

injury and that 'the injury sustained is the type of elevation-related hazard to which the statute applies'" (Oakes v Wal-Mart Real Estate Bus. Trust, 99 AD3d 31, 34 [2012], quoting Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7 [2011]; see Runner v New York Stock Exch., Inc., 13 NY3d 599, 603-604 [2009]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500-501 [1993]). "[N]ot every object that falls on a worker[] gives rise to the extraordinary protections of Labor Law § 240 (1)" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267 [2001]; see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 663 [2014]), as the protections of the statute "'do not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 97 [2015], quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501 [emphasis omitted]). Yet, liability under Labor Law § 240 (1) is not precluded simply because the falling object and the injured worker are located on the same level (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 7; Oakes v Wal-Mart Real Estate Bus. Trust, 99 AD3d at 38-39). Rather, "'the single decisive question is whether plaintiff's injuries were the direct consequence of [defendants'] failure to provide adequate protection against a risk arising from a physically significant elevation differential'" (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 10, quoting Runner v New York Stock Exch., Inc., 13 NY3d at 603; accord Oakes v Wal-Mart Real Estate Bus. Trust, 99 AD3d at 37-38; Davis v Wyeth Pharms., Inc., 86 AD3d 907, 908 [2011]).

In Oakes v Wal-Mart Real Estate Bus. Trust (99 AD3d 31 [2012]), we discussed the protections afforded by Labor Law § 240 (1) under circumstances where, as here, the falling object and the injured plaintiff were on the same level. There, a 5½-foot high steel truss that had been positioned at ground level tipped and fell onto a worker. Focusing on the fact that "[t]he truss and plaintiff were both at ground level, and . . . were either approximately the same height or plaintiff was slightly taller than the truss," this Court concluded that liability could not be imposed under Labor Law § 240 (1) because "there was no elevation differential present here, let alone a 'physically significant elevation differential'" (id. at 39-40, quoting Runner v New York

Stock Exch., Inc., 13 NY3d at 603).  More recently, in Hebbard v United Health Servs. Hosps., Inc. (135 AD3d 1150, 1151 [2016]), the plaintiff was injured when a stack of scaffold frames toppled on him as he attempted to move one.  Relying primarily on Oakes, we concluded that liability could not be imposed under Labor Law § 240 because "[t]he frames were about the same height as [the plaintiff] and . . . were located on the same level as him" — i.e., there was no elevation differential (id. at 1151).  Thus, consistent with the Court of Appeals' decision in Wilinski v 334 E. 92nd Hous. Dev. Fund Corp. (18 NY3d 1 [2011], supra), Oakes and Hebbard stand for the proposition that, where the injured worker and the falling object are located on the same level, liability under Labor Law § 240 (1) is precluded as a matter of law where there is no height differential between the falling object and the worker.

Here, plaintiff estimated the scaffolding frames to be about six-feet tall and testified that, as they were being stacked vertically, the frames were "higher than [him]."  Thus, unlike the facts presented in both Oakes and Hebbard, the uncontroverted testimony here established the existence of an elevation differential.  Nevertheless, we are unable to glean from the present record whether plaintiff's injury arose from the requisite "physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d at 603; accord Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 10).  In determining whether an elevation differential is physically significant or de minimis, we must consider not only the height differential itself, but also "the weight of the [falling] object and the amount of force it was capable of generating, even over the course of a relatively short descent" (Runner v New York Stock Exch., Inc., 13 NY3d at 605; accord Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 10; Christiansen v Bonacio Constr., Inc., 129 AD3d 1156, 1158 [2015]; Jackson v Heitman Funds/191 Colonie LLC, 111 AD3d 1208, 1210 [2013]).  Critically absent from the record is any indication as to plaintiff's height or any other evidence shedding light on the height differential between plaintiff and the stacked frames at the time they fell.  Further, issues of fact remain with regard to such other relevant factors as the number of scaffolds stacked in the pile that

collapsed, the weight of each scaffold and the manner in which the scaffold(s) struck plaintiff. Given these unresolved factual questions, summary judgment on plaintiff's Labor Law § 240 (1) is not appropriate (see Mentesana v Bernard Janowitz Constr. Corp., 44 AD3d 721, 723 [2007]; Kobetitsch v P.M. Maintenance, 308 AD2d 510, 512 [2003]; Amo v Little Rapids Corp., 268 AD2d 712, 714-715 [2000]; see also Ortman v Logsdon, 121 AD3d 1388, 1389-1390 [2014]).

Turning to plaintiff's remaining claims, "Labor Law § 200 codifies the common-law duty imposed upon owners and general contractors to maintain a safe work site and, with regard to injuries resulting from unsafe work practices, there must be a showing of supervisory control and actual or constructive knowledge of the unsafe manner of performance" (Barros v Bette & Cring, LLC, 129 AD3d 1279, 1280 [2015] [internal quotation marks and citations omitted]; see Christiansen v Bonacio Constr., Inc., 129 AD3d at 1157). "The retention of general supervisory control, presence at a work site, or authority to enforce safety standards is insufficient to establish the control necessary to impose liability" (Biance v Columbia Washington Ventures, LLC, 12 AD3d 926, 927 [2004] [citations omitted]; see Cook v Orchard Park Estates, Inc., 73 AD3d 1263, 1264 [2010]; Fassett v Wegmans Food Mkts., Inc., 66 AD3d 1274, 1276 [2009]). Here, although there was testimony that a representative of AP Construction would walk around the job site to assess the progress of the work, the record confirms that neither Ellsworth nor AP Construction exercised any direct control over JAG I's employees or the manner in which their work was performed. Under such circumstances, plaintiff's Labor Law § 200 and common-law negligence claims were properly dismissed (see Lombardi v Stout, 80 NY2d 290, 295 [1992]; Fassett v Wegmans Food Mkts., Inc., 66 AD3d at 1276; Torres v Mazzone Admin. Group, Inc., 46 AD3d 1040, 1041-1042 [2007], lv denied 10 NY3d 706 [2008]; Blysma v County of Saratoga, 296 AD2d 637, 639 [2002]). We reach the same conclusion with regard to plaintiff's Labor Law § 241 (6) claim predicated on an alleged violation of 12 NYCRR 23-1.7 (a) (2), as that regulation does not apply to areas where employees are required to work (see Allan v DHL Express [USA], Inc., 99 AD3d 828, 831 [2012]; Griffin v Clinton Green S., LLC, 98 AD3d 41, 49-

50 [2012]).

Finally, because plaintiff's Labor Law § 240 (1) claim is reinstated, the third-party complaint necessarily is reinstated.

McCarthy, Garry, Rose and Mulvey, JJ., concur.


ORDERED that the amended order is modified, on the law, without costs, by reversing so much thereof as (1) granted that part of third-party defendant's motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim and the third-party-party complaint, and (2) granted that part of defendants' motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim; motions denied to that extent; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court