Wiley v Marjam Supply Co., Inc. (2018 NY Slip Op 07381)





Wiley v Marjam Supply Co., Inc.


2018 NY Slip Op 07381


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

525804

[*1]NICHOLAS WILEY, Appellant- Respondent,
v
MARJAM SUPPLY CO., INC., et al., Respondents, and THE ROCKER II DRYWALL SERVICES, LLC, Respondent- Appellant, et al., Defendants.

Calendar Date: September 4, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and

Pritzker, JJ.

Mainetti, Mainetti & O'Connor, PC, Kingston (Michael E. Kolb of counsel), for appellant-respondent.
The Law Offices of Craig P. Curcio, Middletown (Ryan Bannon of counsel), for respondent-appellant.
Cartafalsa, Turpin & Lenoff, Tarrytown (Christopher J. Turpin of counsel), for Marjam Supply Co., Inc. and others, respondents.
Shantz & Belkin, Latham (M. Randolph Belkin of counsel), for Playhouse and Elwynn Limited Partnership and others, respondents.



MEMORANDUM AND ORDER
Aarons, J.
(1) Cross appeal from an order of the Supreme Court (Cahill, J.), entered January 30, 2017 in Ulster County, which, among other things, granted certain defendants' motions for summary judgment dismissing the complaint against them, (2) appeal from the judgment entered thereon, and (3) appeal from an order of said court, entered June 30, 2017 in Ulster County, which, upon reargument, adhered to its prior decision.
In July 2012, plaintiff was working at a construction site as part of the development of a new apartment complex in Ulster County. Defendants Playhouse and Elwynn Limited Partnership and Woodstock Commons Housing Development Funding Company, Inc. (hereinafter collectively referred to as Woodstock Commons) owned the property and defendant Libolt & Sons, Inc. served as the general contractor for the project. Libolt subcontracted with defendant The Rocker II Drywall Services, LLC to install the sheetrock as part of the construction project. Rocker, in turn, hired defendants Marjam Supply Co., Inc., Marjam Supply of Bayshore, Inc. and Marjam Supply of Rewe Street LLC (hereinafter collectively referred to as [*2]Marjam) to supply and deliver the sheetrock. Approximately one week before the incident at issue, the sheetrock was delivered to the construction site. In connection with this delivery, Marjam hired defendant Jumpstart Realty, LLC to offload and distribute the sheetrock to specific buildings at the site. As plaintiff was walking on the second floor of one building, he was injured when sheetrock fell on his right ankle.
Plaintiff thereafter commenced this action against Woodstock Commons, Libolt, Rocker and Marjam (hereinafter collectively referred to as defendants), among others, alleging causes of action under Labor Law §§ 200, 240 (1) and 241 (6), in addition to a common-law negligence claim. Following joinder of issue and discovery, defendants separately moved for summary judgment dismissing the complaint. Plaintiff cross-moved for partial summary judgment on his Labor Law §§ 240 (1) and 241 (6) claims asserted against Woodstock Commons and Libolt. In a January 2017 order, Supreme Court, among other things, granted defendants' motions and a judgment was subsequently entered thereon. Plaintiff thereafter moved for reargument of the January 2017 order with respect only to the part thereof that dismissed his Labor Law § 241 (6) claim. In a June 2017 order, Supreme Court granted reargument but adhered to its original decision. Plaintiff appeals.[FN1]
"Whether a plaintiff is entitled to recovery under Labor Law § 240 (1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies" (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7 [2011]). The mere fact that a plaintiff was struck by an object that fell does not, by itself, give rise to liability under the statute (see Christiansen v Bonacio Constr., Inc., 129 AD3d 1156, 1157 [2015]; Sajta v Latham Four Partnership, 282 AD2d 969, 970 [2001]). Rather, a plaintiff must establish that "the object fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [2001] [emphasis omitted]). That said, "where a plaintiff was exposed to the usual and ordinary dangers of a construction site, and not the extraordinary elevation risks envisioned by Labor Law § 240 (1), the plaintiff cannot recover under the statute" (Oakes v Wal-Mart Real Estate Bus. Trust, 99 AD3d 31, 35 [2012] [internal quotation marks and citation omitted]; see Desharnais v Jefferson Concrete Co., Inc., 35 AD3d 1059, 1060 [2006]).
Plaintiff testified in his deposition that he was walking across the room and was approximately four feet away from the sheetrock. According to plaintiff, as he pivoted, the sheetrock fell and hit him on his right ankle causing him to fall to the ground. The record indicates, however, that the sheetrock was stacked on its long side on the ground before it fell and that plaintiff was on the same level as the sheetrock. Given the absence of a significant elevation differential, dismissal of the Labor Law § 240 (1) cause of action was proper (see Seales v Trident Structural Corp., 142 AD3d 1153, 1156 [2016]; Hebbard v United Health Servs. Hosps., Inc., 135 AD3d 1150, 1151 [2016]; Millard v Hueber-Breuer Constr. Co., 4 AD3d 817, 818 [2004]; Jordan v Blue Circle Atl., 306 AD2d 741, 743 [2003]).
Regarding plaintiff's cause of action under Labor Law § 241 (6), it was incumbent upon plaintiff to show that defendants violated an Industrial Code provision that imposed a specific standard of conduct (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993]; Jackson v Heitman Funds/191 Colonie LLC, 111 AD3d 1208, 1212 [2013]; Blysma v County of Saratoga, 296 AD2d 637, 638 [2002]). Plaintiff failed in that regard. The record discloses that the sheetrock was stored in the corner of a second-floor room and did not "obstruct any [*3]passageway, walkway, stairway or other thoroughfare" (12 NYCRR 23-2.1 [a] [1]; see Guallpa v Leon D. DeMatteis Constr. Corp., 121 AD3d 416, 419 [2014]; Grygo v 1116 Kings Highway Realty, LLC, 96 AD3d 1002, 1003 [2012], lv denied 20 NY3d 859 [2013]; see generally Hebbard v United Health Servs. Hosps., Inc., 135 AD3d at 1152). Accordingly, Supreme Court did not err in dismissing the Labor Law § 241 (6) cause of action.[FN2]
Turning to plaintiff's remaining claims,[FN3] "Labor Law § 200 codifies the common-law duty imposed upon . . . general contractors to maintain a safe work site" (Wright v Ellsworth Partners, LLC, 143 AD3d 1116, 1119 [2016] [internal quotation marks and citations omitted]; see Allen v Cloutier Constr. Corp., 44 NY2d 290, 299 [1978]; Edick v General Elec. Co., 98 AD3d 1217, 1218 [2012]). Where the injury stemmed from the methods and means in which a subcontractor performed its work, "there must be a showing of supervisory control and actual or constructive notice of the unsafe manner of performance" (Card v Cornell Univ., 117 AD3d 1225, 1226 [2014]; see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317 [1981]; Maddox v Tishman Constr. Corp., 138 AD3d 646, 646 [2016]; Cook v Orchard Park Estates, Inc., 73 AD3d 1263, 1264 [2010]). "Where a subcontractor creates a condition on the premises that results in an unreasonable risk of harm and that condition is a proximate cause of a worker's injuries, then common-law negligence may be implicated" (Frisbee v 156 R.R. Ave. Corp., 85 AD3d 1258, 1259 [2011] [citations omitted]).
With respect to Rocker, the record reflects that its workers were not at the construction site nor did its workers even start working there until after plaintiff's accident. In addition, Rocker's employees were not involved in the unloading or stacking of the sheetrock. As such, plaintiff cannot maintain a common-law negligence claim against Rocker (see Marshall v Glenman Indus. & Commercial Contr. Corp., 117 AD3d 1124, 1128 [2014]; Cook v Thompkins, 305 AD2d 847, 847-848 [2003]; Hutchins v Finch, Pruyn & Co., 267 AD2d 809, 810 [1999], lv denied 94 NY2d 762 [2000]; Rice v City of Cortland, 262 AD2d 770, 772-773 [1999]). Nor can plaintiff maintain a common-law negligence claim against Marjam given that the record likewise discloses that Marjam hired Jumpstart to offload and distribute the sheetrock and that it did not control and direct Jumpstart in performing such task or otherwise assist in stacking the sheetrock in the second-floor room (see Rice v City of Cortland, 262 AD2d at 772-773; Decotes v Merritt Meridian Corp., 245 AD2d 864, 865 [1997]; cf. Berger v Dykstra, 203 AD2d 754, 754-755 [1994], lv dismissed 84 NY2d 965 [1994]; compare Frisbee v 156 R.R. Ave. Corp., 85 AD3d at 1259).
With respect to Libolt, Libolt submitted evidence that it did not control or give instructions on how to stack the sheetrock (see Weinberg v Alpine Improvements, LLC, 48 AD3d 915, 918 [2008]; Monroe v Bardin, 249 AD2d 650, 652-653 [1998]). Contrary to plaintiff's assertion, Libolt's retention of general supervisory control or the mere presence of Libolt's superintendent on the site does not suffice to show that it exerted the requisite control to be held liable (see Biance v Columbia Washington Ventures, LLC, 12 AD3d 926, 927 [2004]; Sainato v City of Albany, 285 AD2d 708, 709 [2001]; Riccio v Shaker Pine, 262 AD2d 746, 747-748 [1999], lv dismissed 93 NY2d 1042 [1999]). Accordingly, Supreme Court properly dismissed the Labor Law § 200 and common-law negligence claims against Libolt. The parties' remaining contentions have been examined and are either academic or lack merit.
McCarthy, J.P., Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the orders and judgment are affirmed, with one bill of costs.
ORDERED that the cross appeal is dismissed, without costs.



Footnotes

Footnote 1: Rocker's cross appeal from the January 2017 order must be dismissed because it is not aggrieved by such order (see Matter of Dolomite Prods. Co., Inc. v Town of Ballston, 151 AD3d 1328, 1334 [2017]; Maldonado v DiBre, 140 AD3d 1501, 1503 n 3 [2016], lv denied 28 NY3d 908 [2016]). Rocker argues that it filed a notice of cross appeal in order to preserve one of the contentions that it raised in support of its motion. Although Supreme Court rejected such contention, Rocker was entitled to raise it on appeal as an alternative ground for affirmance without the need for a notice of cross appeal (see Matter of Save the Pine Bush v Zoning Bd. of Appeals of Town of Guilderland, 220 AD2d 90, 94 [1996], lv denied 88 NY2d 815 [1996]).

Footnote 2: For these reasons, Supreme Court properly adhered to its decision upon reargument.

Footnote 3: Plaintiff withdrew his Labor Law § 200 claim insofar as asserted against Rocker and Marjam and his common-law negligence claim insofar as asserted against Woodstock Commons. Although the record is not entirely clear as to whether plaintiff withdrew his Labor Law § 200 claim against Woodstock Commons, by failing to address this issue in his brief, any argument is deemed abandoned with respect thereto (see Frontier Ins. Co. v Merritt & McKenzie, Inc., 159 AD3d 1156, 1158 n 2 [2018]).