Wright v Ellsworth Partners, LLC (2019 NY Slip Op 04803)





Wright v Ellsworth Partners, LLC


2019 NY Slip Op 04803


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

527185

[*1]WILLIAM WRIGHT, Appellant,
v
ELLSWORTH PARTNERS, LLC, et al., Respondents. (And a Third-Party Action.)

Calendar Date: April 29, 2019

Before: Egan Jr., J.P., Lynch, Clark and Mulvey, JJ.


Finkelstein & Partners, LLP, Newburgh (Lawrence D. Lissauer of counsel), for appellant.
Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany (Andrew S. Holland of counsel), for respondents.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Supreme Court (Muller, J.), entered November 3, 2017 in Warren County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.
Plaintiff was injured on a construction site when a brace gave way causing a stacked row of scaffolding to fall forward striking him. In a previous appeal from an order deciding the parties' motions for summary judgment, we determined that the scaffolding frames, estimated to be about six feet tall, established an elevation differential, but that questions of fact remained as to plaintiff's actual height, "the number of scaffolds stacked in the pile that collapsed, the weight of each scaffold and the manner in which the scaffold(s) struck plaintiff" (143 AD3d 1116, 1119 [2016]). These details are significant because "[i]n determining whether an elevation differential is physically significant or de minimus, we must consider not only the height differential itself, but also 'the weight of the [falling] object and the amount of force it was capable of generating, even over the course of a relatively short descent'" (id., quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 605 [2009]). As a result, we, among other things, reversed that part of the order as granted defendants' motion for summary judgment dismissing the Labor Law § 240 (1) claim (143 AD3d at 1119).[FN1]
Thereafter, the parties stipulated that plaintiff was 5 feet 7 inches tall, that the scaffold frames were six feet tall and weighed 75 pounds each, and that there were 10 scaffold frames that [*2]fell. Based on these stipulated facts, defendants again moved for summary judgment dismissing the complaint and plaintiff cross-moved for partial summary judgment establishing liability under Labor Law § 240 (1). As relevant here, Supreme Court granted defendants' motion and dismissed the complaint. Plaintiff appeals.
We affirm. To support their motion, defendants submitted the affidavit of Ernest Gailor, an engineer. Gailor opined that "the [five]-inch differential between the top of . . . plaintiff's head and the maximum height of [the] frames . . . did not significantly contribute to the 'total' force at impact of the offending frame as it struck plaintiff." Based on the stipulated facts, Gailor concluded that the kinetic energy at the time of impact would have been 154.83 joules. He also examined several height differential cases, including Hebbard v United Health Servs. Hosps., Inc. (135 AD3d 1150 [2016]). In Hebbard, there were 30 scaffold frames standing vertically against a garage column. The frames were about six feet tall and estimated to weigh between 45 and 50 pounds. As the plaintiff therein — who was six feet tall — attempted to move one of the frames, others toppled onto him causing injury. Given this scenario, we determined that the plaintiff's Labor Law § 240 (1) claim was properly dismissed. For his part, Gailor calculated the total kinetic energy in Hebbard to be 185.90 joules. Mindful that there was no defined height differential in Hebbard, Gailor also calculated the energy attributable to the five-inch height differential here at .20 joules. By comparison, Gailor calculated the kinetic energy in Wilinski v 334 E. 92nd Hous. Dev. Fund Corp. (18 NY3d 1 [2011]), where a 10-foot pipe toppled onto the plaintiff — who was 5 feet 8 inches tall — at 700.95 joules.
In our view, defendants' submissions established a prima facie basis to conclude that the elevation differential here was de minimus and that plaintiff's claim falls outside the scope of Labor Law § 240 (1). The burden thus shifted to plaintiff to raise a triable issue of fact, which plaintiff failed to do. In his opposing affidavit, plaintiff's expert, Frederick Bremer, an architect, disregarded Gailor's energy calculation and only generally opined that "the collapse of the frames was not insignificant due to the weight and force created by the simultaneous lateral and downward movement of the [10] scaffolding frames."[FN2] Although Bremer emphasized that the scaffold frames struck plaintiff in several places and took corresponding measurements, the elevation differential is measured by comparing plaintiff's height with the height of the scaffold — a difference of five inches (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011]; Wiley v Marjam Supply Co., Inc., 166 AD3d 1106, 1108-1109 [2018]; Wright v Ellsworth Partners, LLC, 143 AD3d at 1119; Christiansen v Bonacio Constr., Inc., 129 AD3d 1156, 1158 [2015]). As such, we conclude that Supreme Court properly dismissed the Labor Law § 240 (1) claim.
Egan Jr., J.P., Clark and Mulvey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Our previous decision affirmed that part of Supreme Court's order as dismissed the Labor Law §§ 200 and 241 (6) claims and the common-law negligence claim, leaving only the Labor Law § 240 (1) claim in plaintiff's complaint (id. at 1119-1120).

Footnote 2: Despite stipulating that the scaffold frames were six feet high, plaintiff asserted in his cross motion that the frames included a coupler extending their height by five inches, a factor relied on by Bremer in his affidavit. We find the stipulation binding (see McCoy v Feinman, 99 NY2d 295, 302 [2002]; Birches at Schoharie, L.P. v Schoharie Senior Gen. Partner LLC, 169 AD3d 1192 [2019]). In any event, in his reply affidavit, Gailor opined that the couplers are usually removed before scaffold frames are stacked and, if not, the impact of the couplers was negligible.