Gutierrez v 451 Lexington Realty LLC (2020 NY Slip Op 00060)





Gutierrez v 451 Lexington Realty LLC


2020 NY Slip Op 00060


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Oing, JJ.


10723 305823/13 83959/14

[*1] Pedro Gutierrez, Plaintiff,
v
451 Lexington Realty LLC, et al., Defendants.
451 Lexington Realty LLC, et al., Third-Party Plaintiffs-Respondents,
v
Vortex Electric Co. Inc., et al., Third-Party Defendants-Appellants.


Russo & Toner, LLP, New York (Dan Schiavetta, Jr. of counsel), for appellants.
Lewis Brisbois Bisgaard & Smith, New York (Nicholas P. Hurzeler of counsel), for respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about February 21, 2018, which, to the extent appealed from as limited by the briefs, granted the motion of third-party plaintiffs 451 Lexington Realty LLC and Flintlock Construction Services, LLC (Flintlock) for summary judgment for contractual indemnification against third-party defendants Vortex Electric Co. Inc. (Vortex) and Sigma Electric Inc. (Sigma), and denied third-party defendants' cross motion for summary judgment dismissing the third-party complaint as against Sigma, unanimously affirmed, without costs.
The court properly granted third-party plaintiffs' motion. Vortex signed an agreement in connection with the construction work to be done at the site, which clearly and unambiguously obligated it to defend and indemnify third-party plaintiffs for any personal injury claims resulting from the work under the subcontract. Flintlock was not at the scene at the time of plaintiff's accident, and both third-party plaintiffs' liability to plaintiff was strictly vicarious (see Gutierrez v 451 Lexington Realty LLC, 156 AD3d 418 [1st Dept 2019]). The evidence further demonstrated that third-party defendants were negligent in their supervisory control over the means and methods of the work which resulted in plaintiff's injuries (id.; see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]; Maddox v Tishman Constr. Corp., 138 AD3d 646 [1st Dept 2016]; Balbuena v New York Stock Exch., Inc., 49 AD3d 374, 376 [1st Dept 2008], lv denied 14 NY3d 709 [2010]).
The court also properly declined to dismiss the third-party complaint as against Sigma. The evidence shows that Vortex and Sigma were interchangeable, as there existed overlap in ownership, as well as common use of office space, equipment, and
employees, including plaintiff and his supervisor, who were employed on this job (see Forum Ins. Co. v Texarkoma Transp. Co., 229 AD2d 341 [1st Dept 1996]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK