Eberhardt v G&J Contr., Inc. (2020 NY Slip Op 06627)





Eberhardt v G&J Contr., Inc.


2020 NY Slip Op 06627


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


780 CA 19-00913

[*1]CHARLES EBERHARDT, PLAINTIFF-APPELLANT-RESPONDENT,
v
G & J CONTRACTING, INC., DEFENDANT, AND LAWLEY SERVICE, INC., DEFENDANT-RESPONDENT-APPELLANT. 






DOLCE PANEPINTO, P.C., BUFFALO (ANNE M. WHEELER OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JESSE B. BALDWIN OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered April 25, 2019. The order granted in part and denied in part the motion of defendant Lawley Service, Inc. to dismiss plaintiff's complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in its entirety and dismissing the complaint against defendant Lawley Service, Inc., and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries sustained at a work site and asserted causes of action against, inter alia, Lawley Service, Inc. (defendant) for common-law negligence and the violation of Labor Law §§ 200 and 241 (6). Defendant moved to dismiss the complaint against it pursuant to CPLR 3211. Supreme Court granted the motion in part and dismissed the Labor Law causes of action, but the court denied the motion insofar as it sought to dismiss the common-law negligence cause of action against defendant. Plaintiff appeals and defendant cross-appeals.
Contrary to plaintiff's contention on his appeal, the court properly granted defendant's motion insofar as it sought to dismiss the Labor Law causes of action because defendant submitted documentary evidence "conclusively establish[ing]" (Liberty Affordable Hous., Inc. v Maple Ct. Apts., 125 AD3d 85, 92 [4th Dept 2015]) that, "as a subcontractor, it did not have the authority to supervise or control the work that caused the plaintiff's injury and thus cannot be held liable under Labor Law §§ 200 . . . or 241 (6)" (Foots v Consolidated Bldg. Contrs., Inc., 119 AD3d 1324, 1327 [4th Dept 2014] [internal quotation marks omitted]). Moreover, the documentary evidence belies plaintiff's allegation that he is a third-party beneficiary of the contract between his employer and defendant (see generally Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786 [2006]). Finally, given the documentary evidence submitted in support of defendant's motion, we agree with defendant on its cross appeal that the court should have also granted the motion insofar as it sought to dismiss the common-law negligence cause of action against defendant (see generally Wright v Ellsworth Partners, LLC, 143 AD3d 1116, 1120 [3d Dept 2016]). We therefore modify the order accordingly.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court