PHILIP APPELBAUM et al., Appellants, v 100 CHURCH L.L.C. et al., Respondents. THE BANK OF NEW YORK COMPANY, INC., Third-Party Plaintiff-Respondent, v G.J.F. CONSTRUCTION CORP., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [774 NYS2d 705]—

Order, Supreme Court, Bronx County (Jerry L. Crispino, J.), entered on or about March 14, 2003, which, inter alia, granted the motion of defendant Bank of New York and the cross motions of defendants 100 Church L.L.C. and Verde Electric Corp. for summary judgment dismissing the complaint and all cross claims, unanimously affirmed, without costs.

The Industrial Code sections cited by plaintiff as predicates for his Labor Law § 241 (6) cause of action are inapplicable. Industrial Code (12 NYCRR) § 23-1.7 (e) (1) does not apply because plaintiff's accident did not occur in a passageway and Industrial Code (12 NYCRR) § 23-1.7 (e) (2) does not apply because the debris that allegedly caused plaintiff's fall " 'was an integral part of the work he was performing' " *(Alvia v Teman Elec. Contr.,* 287 AD2d 421, 423 [2001], quoting *Sharrow v Dick Corp.,* 233 AD2d 858, 860 [1996]).

Plaintiff has no viable Labor Law § 200 claim against either defendant Bank of New York or defendant Verde Electric since the hazard for which he would hold those defendants accountable was the very hazard he had undertaken to remedy (*see Kowalsky v Conreco Co.*, 264 NY 125, 128-129 [1934]; *Skinner v G & T Realty Corp. of N.Y.*, 232 AD2d 627 [1996]). In addition, the record discloses that the bank, sued in its capacity as lessee of the premises where the accident took place, had neither actual nor constructive notice of the alleged hazard and did not supervise, direct, control or manage the individual trades or their workers in the performance of their work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Williams, Friedman, Marlow and Gonzalez, JJ.