■ FRANK GAISOR, Appellant, v GREGORY MADISON AVENUE, LLC, et al., Respondents. [786 NYS2d 158]—

Order, Supreme Court, New York County (Harold Beeler, J.), entered May 22, 2003, which, insofar as appealed from, granted defendant site owner's and general contractor's motion for summary judgment dismissing plaintiff's causes of action under

Labor Law § 200 and § 241 (6), unanimously affirmed, without costs.

On Sunday, February 20, 2000 at approximately 7:00 A.M., plaintiff, a journeyman ironworker employed by nonparty subcontractor DCM Erectors (DCM), allegedly sustained personal injuries at a construction site owned by defendant Gregory Madison Avenue, LLC (Gregory). Defendant Turner Construction Company (Turner), the general contractor, subcontracted with nonparty ADF Steel Corporation (ADF) to perform structural steel work at the site. ADF, in turn, subcontracted with DCM to perform all of the iron work at the site.

Turner's contract with ADF provided that it was the responsibility of the subcontractor to remove snow and ice from its equipment, material and work areas. Further, the contract provided that the subcontractor was required to provide safe working conditions, safety equipment and proper supervision for its employees.

At the time of the subject incident, plaintiff, who was wearing boots with flat rubber soles and no heels, had been directed by DCM's foreman to remove accumulated snow and ice from an upper floor under construction which was exposed to the elements. DCM's foreman further instructed its employees to use DCM's air hoses, ice scrapers and brooms to remove the snow and ice. As plaintiff cleared the snow and ice with an ice scraper provided by DCM, he lost his footing and sustained injuries to his knee and back. It is undisputed that at the time of the occurrence, Turner had none of its employees on site.

Plaintiff subsequently commenced the instant action, asserting causes of action under Labor Law §§ 200, 240 (1) and § 241 (6). In support of the section 241 (6) claim, plaintiff alleged violations of Industrial Code (12 NYCRR) § 23-1.7 (d) and § 23-2.1 in his initial bill of particulars. As pretrial discovery ensued, plaintiff served a second, third and fourth supplemental bill of particulars. Only the fourth supplemental bill of particulars asserted an additional violation of Industrial Code § "23-1 (c) (2) [*sic*]". Upon the completion of all pretrial discovery, plaintiff filed a note of issue and certificate of readiness. After defendants moved for summary judgment, plaintiff then served, without leave of court, a fifth supplemental bill of particulars, wherein he asserted for the first time a violation of Industrial Code (12 NYCRR) § 23-1.8 (c) (2), which requires employees working in wet conditions be provided with proper footwear.

We agree with the IAS court's determination that plaintiff's fifth "supplemental" bill of particulars was, in fact, an amended

bill of particulars (*compare* CPLR 3042 [b], *with* CPLR 3043 [b]), which sought to alter materially plaintiff's theory of liability and unfairly prejudice defendants (*cf. Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231, 232 [2000]). As such, this bill of particulars was a nullity since it was served without leave of court after the note of issue had been filed (*see Kassis v Teachers Ins. & Annuity Assn.*, 258 AD2d 271, 272 [1999]; *Boland v Koppelman*, 251 AD2d 176 [1998]).

Likewise, we find that plaintiff's Labor Law § 241 (6) claim based upon an alleged violation of Industrial Code (12 NYCRR) § 23-1.7 (d), which requires removal of snow and ice so as to provide safe footing, was properly dismissed since the snow on which plaintiff slipped was the very condition he was charged with removing (*cf. Appelbaum v 100 Church L.L.C.*, 6 AD3d 310, 310 [2004], citing, inter alia, *Alvia v Teman Elec. Contr. Inc.*, 287 AD2d 421, 423 [2001], *lv dismissed* 97 NY2d 749 [2002]).

For the same reason, plaintiff's cause of action under Labor Law § 200 also fails (*see Appelbaum*, 6 AD3d at 311). It does not avail plaintiff that he was an ironworker employed to perform steel work at the project where his employer's subcontract with Turner required the former to remove snow and ice from areas where its employees were working (*compare Roppolo v Mitsubishi Motor Sales of Am., Inc.*, 278 AD2d 149, 150 [2000]). Furthermore, there is no evidence that defendants, neither of whom were present at the site on the day of the accident, exercised supervisory control over the snow removal work that plaintiff was performing when injured or even had notice of the snow (*see Lally v JGN Constr. Corp.*, 295 AD2d 148, 149 [2002], *lv denied* 99 NY2d 504 [2002]).

Lastly, since plaintiff did not sustain injury as a result of an elevation-related hazard, he cannot establish a claim under Labor Law § 240 (1) (*see Misseritti v Mark IV Constr. Co.*, 86 NY2d 487 [1995]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Lerner, Marlow and Sweeny, JJ.