■ WILFRED GRIFFITHS, Appellant, v FC-CANAL, LLC, et al., Respondents. [992 NYS2d 518]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered May 9, 2013, which, insofar as appealed from as limited

by the briefs, granted defendants' motion for summary judgment dismissing the Labor Law §§ 200 and 241 (6) causes of action, and denied plaintiff's cross motion for partial summary judgment on the issue of liability on those claims, unanimously affirmed, without costs.

Plaintiff was injured when he slipped and fell on ice that he was removing from the top floor of a hotel under construction. Defendant FC-Canal, LLC owned the property, and defendant Tritel Construction Group, LLC (Tritel) was the general contractor on the project. Plaintiff was an employee of nonparty IBK Construction Group (IBK), with which Tritel had entered into a subcontract for concrete superstructure work.

The motion court properly dismissed plaintiff's Labor Law § 200 claim. The record shows that plaintiff slipped on ice that his supervisor had instructed him to remove. The ice was a dangerous condition that plaintiff was directed to remedy. As such, he cannot recover under Labor Law § 200 since the condition for which he would hold defendants accountable was the exact condition he had undertaken to remedy (*see Gaisor v Gregory Madison Ave., LLC*, 13 AD3d 58, 60 [1st Dept 2004]; *Appelbaum v 100 Church*, 6 AD3d 310, 311 [1st Dept 2004]).

Upon our review of the record, we find that plaintiff's deposition testimony and affidavit, and the contract between FC-Canal and Tritel, do not raise a triable issue of fact as to whether Tritel supervised and controlled plaintiff's work. Although plaintiff alleges that "some guy from another company" directed his supervisor to remove the ice in order to put down cement, he testified that the only person who gave him any instruction over his work was his supervisor. To the extent that someone directed plaintiff's supervisor, this only establishes that the general contractor coordinated the work of the subcontractor. In fact, the contract between FC-Canal and Tritel provides for Tritel to have general supervisory authority over subcontractors. This general supervisory authority does not "rise to the level of supervision or control necessary to hold the general contractor liable for plaintiff's injuries under Labor Law § 200" (*Bisram v Long Is. Jewish Hosp.*, 116 AD3d 475, 476 [1st Dept 2014]).

As to plaintiff's argument that it was the general contractor's obligation, not the job of the subcontractor, to remove the ice, section 2.02 of the contract between FC-Canal and Tritel states that the "General Contractor shall perform and furnish, or cause to be performed and furnished all labor, supervision . . . and all other requirements of governmental agencies including . . . winter and inclement weather protections." The contract's

provisions regarding weather does not impose a strict duty on Tritel itself to perform the ice removal. Thus, if Tritel directed the subcontractor to perform the ice removal before pouring concrete, it remains consistent with the contract's provisions for "winter and inclement weather protections."

We find that the court properly dismissed the Labor Law § 241 (6) claim insofar as it was predicated on 12 NYCRR 23-1.7 (d), since plaintiff slipped on "the very condition he was charged with removing" (*Gaisor v Gregory Madison Ave., LLC*, 13 AD3d 58, 60 [1st Dept 2004]). The court also properly dismissed the claim insofar as it was predicated on 12 NYCRR 23-1.8 (c) (2), since plaintiff does not allege a violation of this provision in his complaint or bill of particulars (*see Reilly v Newireen Assoc.*, 303 AD2d 214, 218 [1st Dept 2003], *lv denied* 100 NY2d 508 [2003]), and, in any event, it is inapplicable to the circumstances presented. Concur—Mazzarelli, J.P., Acosta, Freedman, Richter and Clark, JJ.