# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  June 11, 2015                    520041
_____

PAUL BARROS,

                    Appellant,

        v

                                        MEMORANDUM AND ORDER

BETTE & CRING, LLC, et al.,
                    Respondents.

(And a Third-Party Action.)
_____

Calendar Date:  April 22, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Clark, JJ.

_____

        Horigan, Horigan & Lombardo, PC, Amsterdam (Peter M. Califano of counsel), for appellant.

        Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for respondents.

_____

Clark, J.

        Appeal from an order of the Supreme Court (Nolan Jr., J.), entered February 5, 2014 in Saratoga County, which, among other things, granted defendants' motions for summary judgment dismissing the complaint.

        In 2007, defendant 38 High Rock, LLC entered into an agreement with defendant Bette & Cring, LLC to serve as general contractor for a construction project in the City of Saratoga Springs, Saratoga County.  Bette & Cring later subcontracted with defendant Stone Bridge Iron and Steel, Inc. to fabricate and erect steel on the project.  Stone Bridge then subcontracted its work in erecting steel to Mid State Steel Erectors, Inc.

Plaintiff, who was employed by Mid State as an ironworker, suffered injuries in January 2009 when he slipped and fell while shoveling snow at the construction site after being directed to do so by his supervisor.

Plaintiff alleges common-law negligence and violations of Labor Law §§ 200 and 241 (6) against 38 High Rock, Bette & Cring and Stone Bridge.[1]  After discovery was complete, defendants moved for, among other things, summary judgment dismissing plaintiff's complaint.  As relevant herein, Supreme Court granted defendants' motions for summary judgment and dismissed plaintiff's complaint, holding that plaintiff's Labor Law § 200 claim was barred because he was injured by a hazard inherent in the work that he was obligated to perform and, further, that his claim under Labor Law § 241 (6) was barred because he was injured by the condition that he was charged with removing.[2]  Plaintiff now appeals.

We agree with Supreme Court that, because defendants did not maintain supervisory control over plaintiff's actions and because the condition that caused his fall was a readily observable, inherent hazard, dismissal of plaintiff's Labor Law § 200 and common-law negligence claims was proper.  "Labor Law § 200 codifies the common-law duty imposed upon owners and general contractors to maintain a safe work site" (Card v Cornell Univ., 117 AD3d 1225, 1226 [2014] [citations omitted]) and, with regard to injuries resulting from unsafe work practices, "there must be a showing of supervisory control and actual or

---

[1]  After issue was joined, Bette & Cring and 38 High Rock filed a cross claim — which they incorrectly denominated a third-party action — against Stone Bridge seeking, among other things, indemnification.  Stone Bridge subsequently impleaded Mid State, likewise seeking indemnification and other forms of relief.

[2]  In its order, Supreme Court also dismissed Stone Bridge's complaint against Mid State in its entirety and granted summary judgment to Bette & Cring and 38 High Rock on their cross claim against Stone Bridge.  These determinations have not been challenged on appeal.

constructive knowledge of the unsafe manner of performance" (id.; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]). With regard to injuries caused by a dangerous condition, "a showing of control of the place of injury and actual or constructive notice of the unsafe condition is required" (Card v Cornell Univ., 117 AD3d at 1226; see Harrington v Fernet, 92 AD3d 1070, 1071 [2012]). Recovery is precluded where an injury is caused by a dangerous condition that is readily observable and inherent in the work (see Gasper v Ford Motor Co., 13 NY2d 104, 110 [1963]; Stephens v Tucker, 184 AD2d 828, 829-830 [1992]).

Here, the record reflects that, on the day in question, a Mid State supervisor directed workers, including plaintiff, to remove snow from the work area. Such was the custom as Mid State routinely performed snow removal, provided its own shovels to workers and held its own safety meetings wherein snow removal was addressed. In contrast, the record bears no evidence that defendants exercised direct supervision or actual control over the construction site or the work activity bringing about plaintiff's injury. Specifically, there were no representatives from 38 High Rock at the site on the day of the incident and Stone Bridge was not involved in supervising the manner in which Mid State performed its duty to erect steel at the site. In addition, while Bette & Cring had general oversight to make sure that subcontractors showed up and performed their tasks, the record is devoid of any proof that it had any authority to direct plaintiff's work or exercise control over the area where the fall occurred. Thus, defendants met their initial burden by demonstrating that Mid State was the only entity that exercised supervision or control over plaintiff (see Rodriguez v Trades Constr. Servs. Corp., 121 AD3d 962, 965 [2014]). Plaintiff's evidence was insufficient to meet his shifted burden to raise a question of fact with regard to supervisory authority, and plaintiff offered no evidence to contradict a finding that he was engaged in remedying the defect that caused his injury. Therefore, we find no error in Supreme Court's award of summary judgment to defendants dismissing plaintiff's claims pursuant to Labor Law § 200 and common-law negligence (see Griffiths v FC-Canal, LLC, 120 AD3d 1100, 1101 [2014]; Blysma v County of Saratoga, 296 AD2d 637, 639 [2002]).

We also agree with Supreme Court's dismissal of plaintiff's Labor Law § 241 (6) claims. As the basis for such claims, plaintiff cites 12 NYCRR 23-1.7 (d), which prohibits an employer from allowing an employee to use an "elevated working surface which is in a slippery condition." However, when the injury is caused by "an integral part of the work" being performed, 12 NYCRR 23.1-7 does not apply (Alvia v Teman Elec. Contr., 287 AD2d 421, 423 [2001], lv dismissed 97 NY2d 749 [2002] [internal quotation marks and citation omitted]; see Appelbaum v 100 Church, 6 AD3d 310, 310 [2004]). In other words, liability does not attach when the injury is caused by the "'very condition [a plaintiff] was charged with removing'" (Smith v Nestle Purina Petcare Co., 105 AD3d 1384, 1386 [2013], quoting Gaisor v Gregory Madison Ave., LLC, 13 AD3d 58, 60 [2004]). Plaintiff contends that he has raised questions of fact based upon the Fourth Department's decision in Hecker v State of New York (92 AD3d 1261 [2012], affd on other grounds 20 NY3d 1087 [2013]). While Hecker is not controlling,[3] we nonetheless note that it is distinguishable because it does not involve a plaintiff who was specifically directed to remove the condition that caused his injury. Here, plaintiff was injured due to the condition that he was specifically charged with removing and submitted no evidence to contradict such a finding (see Smith v Nestle Purina Petcare Co., 105 AD3d at 1386; Gaisor v Gregory Madison Ave., LLC, 13 AD3d at 60). Thus, dismissal of plaintiff's Labor Law § 241 (6) claims was proper.

Lahtinen, J.P., Garry and Lynch, JJ., concur.

---

[3] Since Hecker, the Fourth Department affirmed summary judgment against a plaintiff who slipped and fell on ice that he was directed to remove (see Griffiths v FC-Canal, LLC, 120 AD3d at 1102), and the First Department has continued to apply Gaisor v Gregory Madison Ave., LLC (supra) (see Smith v Nestle Purina Petcare Co., 105 AD3d at 1386).

ORDERED that the order is affirmed, with costs.



ENTER:

Robert D. Mayberger
Clerk of the Court