Stewart v ALCOA, Inc. (2020 NY Slip Op 03582)





Stewart v ALCOA, Inc.


2020 NY Slip Op 03582


Decided on June 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 25, 2020

529531

[*1]David Stewart, Respondent,
v
ALCOA, Inc., Also Known as the Aluminum Company of America, et al., Appellants.

Calendar Date: May 18, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Goldberg Segalla LLP, Syracuse (Aaron Schiffrik of counsel), for appellants.
Hinman Howard & Kattell, LLP, Binghamton (Jeffrey A. Jaketic of counsel), for respondent.



Garry, P.J.
Appeal from an order of the Supreme Court (Tait, J.), entered June 6, 2019 in Broome County, which denied defendants' motion for summary judgment dismissing the complaint.
In May 2011, defendant Alcoa, Inc., acting through its general contractor, defendant Fluor Enterprises, Inc., entered into a contract with plaintiff's employer for construction services upon Alcoa's property. Plaintiff was injured in December 2012 in the course of his work, and thereafter commenced this action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6). Following joinder of issue and discovery, defendants moved jointly for summary judgment dismissing the complaint. Plaintiff opposed the motion and Supreme Court denied it. Defendants appeal.
Defendants first contend that Supreme Court erred in finding that summary judgment on plaintiff's claims pursuant to Labor Law § 200 and common-law negligence was barred because a triable issue of fact exists as to whether a storm in progress caused plaintiff's fall. "Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (Gadani v Dormitory Auth. of State of N.Y., 43 AD3d 1218, 1220 [2007] [internal quotation marks and citations omitted]; accord Hall v Queensbury Union Free Sch. Dist., 147 AD3d 1249, 1250 [2017]). Defendants were thus required to establish on a prima facie basis that they did not create the dangerous condition that caused plaintiff's injury, and did not have actual or constructive notice of the condition (see Edick v General Elec. Co., 98 AD3d 1217, 1218-1219 [2012]; Gadani v Dormitory Auth. of State of N.Y., 43 AD3d at 1221).[FN1] When a dangerous condition is caused by a storm in progress, those who possess or control real property are allowed " a reasonable period of time after the cessation of a storm in which to take protective measures to correct storm-created hazardous ice and snow conditions" (Edick v General Elec. Co., 98 AD3d at 1220 [internal quotation marks and citations omitted]; see Washington v Trustees of the M.E. Church of Livingston Manor, 162 AD3d 1368, 1369 [2018]; Griguts v Alpin Haus Ski Shop, Inc., 150 AD3d 1438, 1439 [2017]). " When a defendant produces evidence that a plaintiff fell on snow and/or ice during or immediately after such a storm, it is incumbent upon [the] plaintiff, in order to avoid summary judgment, to produce evidence that raises an issue of fact as to whether dangerous snow and/or ice that contributed to the accident existed prior to that storm so as to provide actual or constructive notice to the defendant" (Potter v YMCA of Kingston & Ulster County, 136 AD3d 1265, 1265 [2016] [citations omitted]; see Washington v Trustees of the M.E. Church of Livingston Manor, 162 AD3d at 1369-1370).
Defendants' submissions in support of their motion included the deposition testimony of plaintiff, safety managers employed by Fluor and plaintiff's employer, and the supervisor overseeing plaintiff's work at the time of the accident. This testimony established that, on the day of the accident, plaintiff was working in a building that was being reconstructed after the prior structure had been destroyed by fire. The reconstruction was not yet complete, and openings in the partly-built walls permitted snow and ice to enter the building. Plaintiff testified that it was snowing heavily on the day of the accident and that the snowstorm created a "new coating" of snow on top of old ice from a storm that had taken place two or three days before; the old ice was "all over the plant," but was difficult to see because it was covered by the new snow. Plaintiff said that he was assigned to brush snow off steel beams that were stored in the building. After he worked on this task for 10 or 15 minutes, he had a "near miss" when he slipped on ice under the snow. He decided that the area should be salted, and walked toward his employer's safety manager, who was about 200 feet away, to tell him that salt was needed. Before reaching the manager, he slipped and fell on the icy surface under the new snow.
Defendants' witnesses testified that a third-party contractor was responsible for the general removal of snow and ice from the jobsite, but they submitted no evidence establishing whether this contractor had cleared snow and ice from the site of plaintiff's accident before it occurred. The safety manager for plaintiff's employer, who saw plaintiff's fall, did not recall whether snow or ice had been removed from the building before plaintiff began working. The safety manager described the surface where plaintiff fell as "white," and said that he believed that both snow and ice were present and that he did not know whether plaintiff slipped on new snow or on ice under the snow.
Defendants submitted no meteorological evidence demonstrating that a storm was in progress or contradicting plaintiff's assertion that snow had fallen in the days before the accident (compare Washington v Trustees of the M.E. Church of Livingston Manor, 162 AD3d at 1369-1370; Griguts v Alpin Haus Ski Shop, Inc., 150 AD3d at 1439), but Fluor's safety manager testified that it was snowing that day and had snowed throughout the week before the accident. This testimony and plaintiff's concession that it was snowing heavily that day were enough to shift the burden to plaintiff to establish the existence of an issue of fact as to whether his injuries were caused by the storm in progress. In this regard, we reject defendants' claim that plaintiff made an improper attempt to "create an issue of fact by submitting a self-serving affidavit that contradicts prior sworn testimony" when he asserted in his opposing affidavit that he slipped on old ice (Benamati v McSkimming, 8 AD3d 815, 817 [2004] [internal quotation marks and citation omitted]; see Ginty v American Funds Serv. Co., 121 AD3d 1452, 1453 [2014]). Although plaintiff testified during his deposition that, on the day before the accident, he and his coworkers had not been permitted to enter the work area until Alcoa employees had made it safe by removing snow, he also added that areas of ice and snow remained after this work was done. Thus, nothing in his affidavit contradicted his deposition testimony (compare Valenti v Exxon Mobil Corp., 50 AD3d 1382, 1384 [2008]). We find that plaintiff's claims that he fell on old ice, combined with the admissions of defendants' witnesses that snow had fallen earlier that week and their uncertain testimony as to whether snow and ice had been cleared from the accident site before the storm began and as to whether plaintiff fell on new snow or old ice sufficed to establish the existence of a triable issue of fact precluding summary judgment on his claims pursuant to Labor Law § 200 and common-law negligence (see Johnson v Pixley Dev. Corp., 169 AD3d 1516, 1520-1521 [2019]; Sheldon v Henderson & Johnson Co., Inc., 75 AD3d 1155, 1156 [2010]).
Defendants next contend that plaintiff's claims pursuant to common-law negligence and Labor Law §§ 200 and 241 (6) should have been dismissed because plaintiff was injured by the same condition that he had been directed to remove. "Labor Law § 241 (6) imposes a nondelegable duty upon owners, contractors and their agents to provide adequate protection and safety for workers and, to establish a claim under this section, [a] plaintiff must allege that [the] defendants violated a rule or regulation promulgated by the Commissioner of Labor that sets forth a specific standard of conduct" (Fassett v Wegmans Food Mkts., Inc., 66 AD3d 1274, 1277 [2009] [citations omitted]; see Marshall v Glenman Indus. & Commercial Contr. Corp., 117 AD3d 1124, 1126 [2014]). Plaintiff's claim is based upon 12 NYCRR 23-1.7 (d), which provides, as pertinent here, that "[e]mployers shall not suffer or permit any employee to use a floor, passageway [or] walkway . . . which is in a slippery condition. Ice, snow . . . and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing."[FN2] Recovery for a violation of 12 NYCRR 23-1.7 is precluded "when the injury is caused by an integral part of the work being performed" or by the "very condition [the plaintiff] was charged with removing" (Barros v Bette & Cring, LLC, 129 AD3d 1279, 1281 [2015] [internal quotation marks and citations omitted]; see Alvia v Teman Elec. Contr., 287 AD2d 421, 423 [2001], lv denied 97 NY2d 749 [2002]). Liability pursuant to Labor Law § 200 is likewise precluded when the plaintiff is "engaged in remedying the defect that caused his [or her] injury" (Barros v Bette & Cring, LLC, 129 AD3d at 1281; see Gaisor v Gregory Madison Ave., LLC, 13 AD3d 58, 60 [2004]).
In support of their claim that plaintiff was directed to remove the same condition that caused his injury, defendants submitted the contract with his employer, which required it to perform site preparation, including the removal of debris, and made it responsible for coordinating and cleaning up the site and for the safety of its employees. They further submitted deposition testimony in which defendants' witnesses acknowledged, as previously noted, that a third-party contractor was responsible for general snow removal, but also asserted that it was the responsibility of plaintiff's employer to keep its own equipment and work areas free of ice and snow. Fluor's safety manager testified that, on the day of the accident, plaintiff was working as a "first responder," which he defined as someone who salted, cleaned up and prepared the work site for other people who worked there. Plaintiff's supervisor testified that he was required to complete a daily report on the tasks assigned to company employees; the report for the day of plaintiff's accident stated that his crew was directed, among other things, to use ice melt on slippery areas, and that unnamed employees did complete this task. The supervisor acknowledged, however, that not every employee worked on each task described in the report. Plaintiff testified that he was assigned to remove snow from the steel beams, but did not recall any discussion of using ice melt. As previously discussed, he stated that he made his own decision that salt was required and took it upon himself to convey this message to his safety manager. He further testified that such tasks were not usually part of his job, but were instead handled by Fluor and other contractors, who usually removed ice and snow and salted any slippery areas before he and his coworkers began their work.
We agree with Supreme Court that this evidence does not establish as a matter of law that plaintiff was actually engaged in removing the condition that caused his injury when he fell. Initially, we note that plaintiff was not sanding, salting or using ice melt at the moment of his fall; instead, he was on his way to report that such treatment was needed (compare Barros v Bette & Cring, LLC, 129 AD3d at 1280-1281 [it was undisputed that the plaintiff was directed by his supervisor to remove snow from the work site and that he was injured while doing so]). Further, there is a factual dispute as to whether employees of plaintiff's company were responsible for removing snow and ice from their own work areas or whether, as plaintiff claimed, this task was usually performed by other contractors. Even if his fellow employees had that responsibility, there are factual issues as to whether plaintiff himself was "specifically directed to remove the [ice and snow]" from the floor (id. at 1281) or, as he claims, only from the steel beams, and further as to whether plaintiff fell while in his own work area or in a part of the plant where other contractors were responsible for the removal of ice and snow. Accordingly, we find that Supreme Court correctly denied defendants' motion for summary judgment dismissing the complaint on this basis (compare id. at 1280-1281; Smith v Nestle Purina Petcare Co., 105 AD3d 1384, 1386 [2013]; Gaisor v. Gregory Madison Ave., LLC, 13 AD3d at 60).
Finally, we reject defendants' argument that plaintiff's claim pursuant to Labor Law § 241 (6) should have been dismissed on the ground that plaintiff fell in an "open area" that does not fall within the purview of 12 NYCRR 23-1.7 (d) (Cook v Orchard Park Estates, Inc., 73 AD3d 1263, 1266 [2010]). Defendants base this contention on testimony describing the area of plaintiff's accident and a photograph of the accident site taken about a week after the accident, which reveal that the building was not yet fully enclosed and was thus partially open to the elements. Defendants' submissions established that the accident occurred in a space known as "Building 221" or the "casthouse" — a large, roofed structure with a firebrick floor and walls that almost completely enclosed the interior, except for some openings near the roof. The photograph depicted plaintiff's supervisor standing in what he described as the approximate area where plaintiff's accident occurred — that is, on the building's firebrick floor, in a wide passageway running between parked equipment, piles of snow and the building's walls that appears to extend throughout the building. In contrast to unpaved outdoor areas, roadbeds and other such surfaces that have been held to fall outside the scope of 12 NYCRR 23-1.7 (d) (see e.g. Raffa v City of New York, 100 AD3d 558, 559 [2012]; Cook v Orchard Park Estates, Inc., 73 AD3d at 1266; Roberts v Worth Constr., Inc., 21 AD3d 1074, 1077 [2005]; Lawyer v Hoffman, 275 AD2d 541, 542 [2000]; see also Scofield v Trustees of Union Coll., 288 AD2d 807, 808-809 [2001]), we find as a matter of law that plaintiff's accident took place on a "floor, passageway [or] walkway" within the meaning of the regulation. Accordingly, Supreme Court correctly denied defendants' motion for summary judgment dismissing this cause of action on this basis.
Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: By contrast, liability premised upon unsafe work practices requires "a showing of supervisory control and actual or constructive knowledge of the unsafe manner of performance" (Card v Cornell Univ., 117 AD3d 1225, 1226 [2014]; accord Christiansen v Bonacio Constr., Inc., 129 AD3d 1156, 1159 [2015]).

Footnote 2: Plaintiff's complaint also asserted claims under Labor Law § 241 (6) based upon 12 NYCRR 23-1.5 and 23-1.8. Supreme Court rejected these claims, and plaintiff does not dispute these determinations upon appeal.