Matter of Tutor Perini Corp. v City of N.Y. Off. of Admin. Trials & Hearings Contract Dispute Resolution Bd. (2021 NY Slip Op 02620)





Matter of Tutor Perini Corp. v City of N.Y. Off. of Admin. Trials & Hearings Contract Dispute Resolution Bd.


2021 NY Slip Op 02620


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Webber, J.P., Singh, González, Shulman, JJ. 


Index No. 161175/19 Appeal No. 13700 Case No. 2020-04612 

[*1]In the Matter of Tutor Perini Corporation, Petitioner-Appellant,
v
City of New York Office of Administrative Trials and Hearings Contract Dispute Resolution Board et al., Respondents-Respondents.


Hinckley Allen & Snyder, LLP, Albany (James J. Barriere of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered May 12, 2020, which denied Tutor Perini Corporation's (Tutor Perini's) petition to overturn a decision by the Office of Administrative Trials and Hearings Contract Dispute Resolution Board (CDRB), dated October 2, 2019, which found that petitioner's claims for damages were barred by the "no damages for delay" provision in its contract with respondent New York City Department of Transportation (DOT), and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
CDRB had a rational basis for determining that petitioner Tutor Perini's claims were not for "extra work," as it urged, but rather for delay damages, which are barred by a no-damages-for-delay clause in its construction contract with DOT (see Matter of Start El., Inc. v City of New York, 104 AD3d 488 [1st Dept 2013]). In reviewing Tutor Perini's requests for equitable price adjustments, it is apparent that the costs it incurred were all related to various delays in the project (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 313-314 [1986]). The adjustment requests referred to "delay periods," "time-related costs," "increased labor escalation due to excusable delays," and DOT's lengthy review process (see Corinno, 67 NY2d at 313). The requests also reflected that Tutor Perini's claims stemmed from "acceleration efforts," or attempts to avoid additional delays (see e.g. Polo Elec. Corp. v New York Law Sch., 114 AD3d 419, 419 [1st Dept 2014]).
In addition, the changes that were made to the design and construction of the bridge under construction were proposed by Tutor Perini under the Contractor Initiated Value Engineering Change Proposal (CIVEC) provision in the construction contract. By the provision's very terms, these changes did not "[impair] the essential functions or characteristics of the Project or a[ny] portion of the Work involved." In any event, Tutor Perini expressly waived its right to be reimbursed for any costs related to developing, designing, or implementing its CIVEC proposal, as it would be entitled to a portion of the proposal's cost savings.
Finally, CDRB rationally concluded that the changes made pursuant to the CIVEC provision were not cardinal changes to the contract, as they did not affect "the essential identity or main purpose of the contract," such that it "constitutes a new undertaking" (Albert Elia Bldg. Co. v New York State Urban Dev. Corp., 54 AD2d 337 [4th Dept 1976]). Tutor Perini failed to show how its changes to the design of the bridge from a cable-stayed bridge design to a causeway-style bridge, which Tutor Perini itself
proposed in order to save all parties money, were "of such magnitude that [it] . . . constitute[s] a breach [of the contract]" (Westcott v State of New York, 264 AD 463, 464 [3d Dept 1942]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021