Moye v Alphonse Hotel Corp. (2022 NY Slip Op 03238)

Moye v Alphonse Hotel Corp.

2022 NY Slip Op 03238

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2019-14527
 (Index No. 513891/15)

[*1]Lorenzo Moye, appellant, 
v
Alphonse Hotel Corporation, et al., defendants, I & G Group, Inc., respondent (and a third-party action).

Neimark & Neimark LLP, New City, NY (Ira H. Lapp of counsel), for appellant.
Torino & Bernstein, P.C., Mineola, NY (Vincent J. Battista of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated December 3, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant I & G Group, Inc., which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 3, 2015, the plaintiff allegedly was injured while working on a demolition project at a hotel in Manhattan. According to the plaintiff's deposition testimony, he tripped and fell on a pile of debris, consisting of electrical wires, sheetrock, and glass. At the time of the alleged accident, the plaintiff was in the process of removing "old and worn" doors that had been piled in the basement of the site and loading the doors onto a truck. Two days immediately preceding the plaintiff's alleged accident, the plaintiff had performed demolition work, which included "tearing up the hotel" and "knocking down walls."
The plaintiff commenced this action against, among others, the defendant I & G Group, Inc. (hereinafter the defendant), the general contractor on the project, alleging, inter alia, a violation of Labor Law § 241(6). The defendant moved, among other things, for summary judgment dismissing that cause of action insofar as asserted against it. In an order dated December 3, 2019, the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it.
To establish the Labor Law § 241(6) cause of action, the plaintiff alleged violations of 12 NYCRR 23-1.7(d) and (e) for the first time in opposition to the defendant's motion. Notwithstanding the plaintiff's belated assertion of those violations, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241(6) cause of action predicated upon 12 NYCRR 23-1.7(d) and (e) insofar as asserted against it by demonstrating that the debris upon which the plaintiff allegedly tripped was an integral part of the ongoing [*2]demolition work being performed (see Martinez v 281 Broadway Holdings, LLC, 183 AD3d 712, 714; Castillo v Big Apple Hyundai, 177 AD3d 473, 474; Lopez v Edge 11211, LLC, 150 AD3d 1214, 1215). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it.
BARROS, J.P., RIVERA, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court