**Murillo v Downtown NYC Owner, LLC**

2024 NY Slip Op 31401(U)

April 22, 2024

Supreme Court, New York County

Docket Number: Index No. 152211/2017

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DAVID B. COHEN**

*Justice*

PART 58

---------------------------------------------------------------------X

LUIS MURILLO,

Plaintiff,

- v -

DOWNTOWN NYC OWNER, LLC, CLARION PARTNERS, LLC, MURRAY HILL PROPERTIES LLC, MHP REAL ESTATE SERVICES LLC, H & F RESTORATION & CONSTRUCTION, INC.,

Defendants.

---------------------------------------------------------------------X

| INDEX NO. | 152211/2017 |
|---|---|
| MOTION DATE | 12/12/2023 |
| MOTION SEQ. NO. | 003 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 128, 129, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 155, 157, 159, 161, 163, 167, 168, 169, 170, 171, 172, 173, 174

were read on this motion to/for         JUDGMENT - SUMMARY     .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 130, 131, 132, 133, 134, 154, 156, 158, 160, 162, 164, 165, 166, 175, 176

were read on this motion to/for         JUDGMENT - SUMMARY     .

In this personal injury action arising out of a construction accident, third-party defendant WM Erath & Son, Inc. i/s/h/a William Erath & Son, Inc. (WM) moves pursuant to CPLR 3212 for an order granting it summary judgment and dismissing plaintiff's complaint and the third-party complaint (mot. seq. 003). Plaintiff and remaining defendants/third-party plaintiffs oppose the motion[1] (hereinafter, defendants).

By notice of motion, defendants move pursuant to CPLR 3212 for an order dismissing

---

[1] All defendants remain except for H&F Restoration & Construction, Inc.; the action was discontinued against it (NYSCEF 73).

**152211/2017 MURILLO, LUIS vs. DOWNTOWN NYC OWNER, LLC**
**Motion No. 003 004**

**Page 1 of 8**

1 of 8

[* 1]

plaintiff's Labor Law § 200 and common law negligence claims against them (mot. seq. 004). Plaintiff and WM oppose.

## I.        PERTINENT BACKGROUND

### A.        Undisputed facts (NYSCEF 152)

Plaintiff was allegedly injured while working at a construction project at 180 Maiden Lane in Manhattan.  Plaintiff was employed by non-party JT Magen, the project's general contractor, and WM was a subcontractor hired to install tile and stone.  The premises were owned and operated by the other defendants.

Plaintiff's job duties included cleaning up construction debris created by the workers and bringing carts filled with debris down to street level to be picked up by a dump truck.  The accident happened while plaintiff was working on the second floor, pushing a cart full of debris. He was instructed by a JT foreman to bring the cart down before he cleaned the area because trucks were coming to haul away the debris.  After he tripped on some debris, he put it into his cart.

In his bill of particulars, plaintiff alleged that he tripped on debris, dirt, concrete block, and other tripping hazards.  He acknowledged that the tile debris was the type of debris he would regularly clean up at the site, and that the second floor was an area that he was tasked with cleaning.  It was the job of JT Magen's workers to clean the site and only they were responsible for cleanup and housekeeping.

The indemnity provision in the agreement between defendants and WM provides that WM will indemnify for any claims "arising out of or in connection with or as a result of or as a consequence of (a) the performance of the Work" (NYSCEF 147).

**152211/2017   MURILLO, LUIS vs. DOWNTOWN NYC OWNER, LLC**
**Motion No.  003 004**

**Page 2 of 8**

2 of 8

[* 2]

## II.    WM'S MOTION

In the first instance, plaintiff does not oppose dismissal of his Labor Law § 200 and common law negligence against WM, to the extent asserted against WM (NYSCEF 167). Plaintiff also is apparently relying on only 12 NYCRR 23-1.7(e) as the predicate violation for his Labor Law 241(6) claim (*id.*), and thus waives reliance on any other Industrial Code provisions (*see Kempisty v 246 Spring St. LLC*, 92 AD3d 474 [1st Dept 2012] [deeming abandoned any industrial code provisions that plaintiff did not address in opposition to summary judgment motion]).

WM argues that plaintiff's Labor Law § 241(6) claim must be dismissed as subsection 23-1.7(e)(1) is inapplicable as the accident occurred in a work area and not a passageway, and subsection 23-1.7(e)(2) does not apply as it was plaintiff's job to clean up the very debris which allegedly caused the accident.  WM also contends that the third-party claims must be dismissed as the indemnity provision between it and defendants was not triggered as the accident did not arise out of WM's work, and it had no duty to clean up its debris (*id.*).

Plaintiff asserts that the area where he was injured was a passageway as he had to traverse a path to get to the elevator with the cart.  He also claims that he was not cleaning when he was injured, but rather pushing the cart, which is a distinct and different task than his cleaning tasks (NYSCEF 167).

Defendants maintain that the accident arose out of WM's work because the debris on which plaintiff tripped was created by WM's work and WM workers had been told by plaintiff before the accident to put their debris in a container rather than on the floor, but they failed to do so.  They also contend that WM did not establish that their claims against it for common-law

**152211/2017   MURILLO, LUIS vs. DOWNTOWN NYC OWNER, LLC**
**Motion No.  003 004**

**Page 3 of 8**

indemnity and contribution and breach of the agreement to procure insurance had no merit (NYSCEF 151).

In opposition, WM contends that plaintiff's duty to clean debris included his pushing of the cart with debris in it, and thus the pushing of the cart was also an integral part of his work. It also denies that any of the cited Industrial Code violations are applicable. As to the third-party claims, WM argues that it cannot be held liable for creating debris when debris was created in the natural course of construction, and as it not only had no duty to clean it up, but was forbidden from doing so by its contract. Rather, it was plaintiff's job to clean all debris, regardless of its source. WM also maintains that the indemnity provision was not triggered as the clause applies only if the accident arose out of the scope of its work, and it denies that it did so here (NYSCEF 171),

### A.      Plaintiff's Labor Law § 241(6) claim

Labor Law § 241(6) imposes a nondelegable duty on premises owners and contractors at construction sites to provide reasonable and adequate safety to workers. To establish a claim under the statute, a plaintiff must show that a specific, applicable Industrial Code regulation was violated, and that the violation caused the complained-of injury (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 146, 950 N.Y.S.2d 35 [1st Dept 2012] [internal citations omitted]).

Here, as plaintiff was allegedly injured by debris which he was tasked with cleaning and removing, and as the debris at issue was the type he would regularly clean up and the second floor was an area that he was responsible for cleaning, he may not recover for an alleged violation of 12 NYCRR 23-1.7(e)(2) (*see Torres v Triborough Bridge and Tunnel Auth.*, 193 AD3d 665 [1st Dept 2021] [industrial code subsection did not apply as demolition debris resulted from ongoing work, which plaintiff had been assigned to clean up, and it thus constituted integral

**152211/2017   MURILLO, LUIS vs. DOWNTOWN NYC OWNER, LLC**
**Motion No.  003 004**

**Page 4 of 8**

4 of 8

[* 4]

part of plaintiff's work]; *Griffiths v FC-Canal, LLC*, 120 AD3d 1100 [1st Dept 2014] [claim dismissed as plaintiff slipped on condition he was charged with removing]; *Appelbaum v 100 Church*, 6 AD3d 310 [1st Dept 2004] [12 NYCRR 23-1.7 inapplicable as debris that caused fall was integral part of work he was performing and had undertaken to remedy]; *see also Moye v Alphonse Hotel Corp.*, 205 AD3d 907 [2d Dept 2022] [debris was integral part of demolition work being performed]).

While plaintiff attempts to distinguish his moving of the cart as separate and apart from his duty to clean debris, it is apparent that both tasks are part of his overall cleaning responsibility (*see e.g., Ruisech v Structure Tone Inc.,* 208 AD3d 412 [1st Dept 2022] ["integral-to-work" defense applies to all conditions that are integral part of construction, not just specific task plaintiff was performing at time of accident]).

Moreover, plaintiff fails to show that he was injured in a passageway, as a passageway is defined as a "typically long narrow way connecting parts of a building (*Quigley v Port Auth. of New York*, 168 AD3d 65, 67 [1st Dept 2018]), or "a defined walkway or pathway used to traverse between discrete areas as opposed to an open area" (*Prevost v One City Block LLC*, 155 AD3d 531, 535 [1st Dept 2017], *quoting Steiger v LPCiminelli, Inc.*, 104 AD3d 1246, 1250 [4th Dept 2013]).  Here, as plaintiff was working in an open work area on the second floor, 12 NYCRR 23-1.7(e)(1) does not apply (*Torres*, 193 AD3d at 665).

WM therefore establishes that plaintiff may not assert a claim based on a violation of Labor Law § 241(6), and plaintiff fails to raise a triable issue in response.

B.     Third-party claims

Even assuming that plaintiff tripped on debris left by WM employees, there is no basis for finding WM negligent here as WM had no duty to clean up its own debris, and thus cannot be

**152211/2017   MURILLO, LUIS vs. DOWNTOWN NYC OWNER, LLC**
**Motion No.  003 004**

**Page 5 of 8**

[* 5]

5 of 8

held liable for failing to do so. Whether or not the employees failed to leave their debris in the bin provided by plaintiff and/or left their debris on the floor, it was still solely plaintiff's duty to remove that debris. Therefore, it is irrelevant whether WM's debris may have caused or contributed to the accident or whether the accident involved its work in some way, and thus the contractual indemnity claim is dismissed (*see e.g., Santiago v 44 Lexington Assocs., LLC*, 161 AD3d 444 [1st Dept 2018] [as subcontractor not responsible for cleaning debris, it could not be held liable to owner for accident caused by debris]).

Moreover, as WM cannot be held liable for plaintiff's injury, defendants are not entitled to common-law indemnity or contribution from it (*see Ruisech*, 208 AD3d at 415-416 [as defendant was free from negligence, indemnity portion of lease not triggered]).

As there is no basis for holding WM liable to either plaintiff or defendants here, defendants' breach of contract claim for WM's alleged failure to obtain insurance is dismissed as moot (*see Cunningham v City of New York*, 2023 WL 2586175 [Sup Ct, Kings County 2023] [as all claims against defendants dismissed, claim related to one defendant's failure to procure appropriate insurance naming other defendant as additional insured was moot]).

### III.    DEFENDANTS' MOTION

"Section 200 of the Labor Law is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993] [internal quotation marks and citations omitted]). Claims under the statute and the common-law arise in two ways, "those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed. Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual

**152211/2017   MURILLO, LUIS vs. DOWNTOWN NYC OWNER, LLC**
**Motion No.  003 004**

**Page 6 of 8**

6 of 8

[* 6]

or constructive notice of it. Where the injury was caused by the manner and means of the work, including the equipment used, the owner or general contractor is liable if it actually exercised supervisory control over the injury-producing work" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-144 [1st Dept 2012] [internal quotation marks and citations omitted]).

For the same reasons set forth above (*supra*, II.), plaintiff's Labor Law 200 and common-law negligence claims are dismissed as the debris on which he allegedly tripped was an integral part of his work (*see Annicaro v Corp. Suites, Inc.*, 98 AD3d 542 [2d Dept 2012] ["The common-law duty to provide employees with a safe place to work does not extend to hazards that are part of, or inherent in, the very work the employee is to perform. Here, [defendants] established, prima facie, that the plaintiff's job responsibilities required him to keep a particular area free of debris, and that his alleged injuries were caused by debris in that area"]; *Griffiths v FCCanal, LLC*, 120 AD3d 1100 [1st Dept 2014] ["The ice was a dangerous condition that plaintiff was directed to remedy. As such, he cannot recover under Labor Law § 200 since the condition for which he would hold defendants accountable was the exact condition he had undertaken to remedy"]; *Appelbaum v 100 Church LLC*, 6 AD3d 310 [1st Dept 2004] ["Plaintiff has no viable Labor Law § 200 claim against either defendant . . . since the hazard for which he would hold those defendants accountable was the very hazard he had undertaken to remedy"]).

## IV.    CONCLUSION

Accordingly, it is hereby

ORDERED, that third-party defendant WM Erath & Son, Inc. i/s/h/a William Erath & Son, Inc.'s motion for summary judgment (mot. seq. 003) is granted, and the claims asserted against it in the main complaint and the third-party complaint are severed and dismissed; it is further

**152211/2017   MURILLO, LUIS vs. DOWNTOWN NYC OWNER, LLC**
**Motion No.  003 004**

**Page 7 of 8**

[* 7]

ORDERED, that defendant's motion for an order dismissing plaintiff's Labor Law § 200

and common law negligence claims against them (mot. seq. 004) is granted, and the claims

asserted against them are severed and dismissed; and it is further

ORDERED, that the clerk is directed to enter judgment accordingly.

20240422110600DCOHEN03AC78DE569A46F280A0DB000744E76B

| 4/22/2024 | DAVID B. COHEN, J.S.C. |
|-----------|------------------------|
| **DATE** | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|------------|---|---------------|---|---|-----------------------|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152211/2017   MURILLO, LUIS vs. DOWNTOWN NYC OWNER, LLC**
**Motion No.  003 004**

Page 8 of 8

[* 8]