Murillo v Downtown NYC Owner, LLC (2025 NY Slip Op 05574)

Murillo v Downtown NYC Owner, LLC

2025 NY Slip Op 05574

Decided on October 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 09, 2025

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 152211/17|Appeal No. 4901|Case No. 2024-03218|

[*1]Luis Murillo, Plaintiff-Respondent-Appellant,
v
Downtown NYC Owner, LLC, et al., Defendants-Appellants-Respondents, H & F Restoration & Construction, Inc., Defendant.
Downtown NYC Owner, LLC, et al., Third-Party Plaintiffs-Appellants-Respondents,
v
William Erath & Son, INC., Third-Party Defendant-Respondent.

Fabiani Cohen & Hall, LLP, New York (Nicholas Vevante of counsel), for appellants-respondents.
Horn Appellate Group, P.C., Brooklyn (Christen Giannaros of counsel), for respondent-appellant.
O'Connor Redd Orlando LLP, Port Chester (Anthony J. Ruggeri of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered April 22, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of third-party defendant William Erath & Sons dismissing plaintiff's Labor Law § 241(6) claim and dismissing the third-party complaint of defendants/third-party plaintiffs Downtown NYC Owner, LLC, Clarion Partners, LLC, Murray Hill Properties LLC and MHP Real Estate and Services LLC (collectively, defendants), granted so much of defendants' motion to dismiss plaintiff's common-law negligence and Labor Law § 200 claims, and denied so much of defendants' motion for summary judgment on its common-law and contractual indemnity claims against Erath, unanimously affirmed, without costs.
The motion court properly dismissed plaintiff's Labor Law § 241(6) claim as against all defendants, as a plaintiff cannot recover for being injured by the very condition that he was charged with remedying (see Torres v Triborough Bridge & Tunnel Auth., 193 AD3d 665, 665 [1st Dept 2021], lv denied 38 NY3d 903 [2022]; Griffiths v FC-Canal, LLC, 120 AD3d 1100, 1101 [1st Dept 2014]; Appelbaum v 100 Church, 6 AD3d 310, 311 [1st Dept 2004]). We reject plaintiff's assertion that because he was pushing containers filled with debris rather than placing that debris into the container, his claim may proceed. Plaintiff's employer, nonparty general contractor JT Magen, was the sole entity responsible for cleaning and debris removal, as set forth in its contract with defendants, and plaintiff was the only worker assigned to perform that task for the second floor. Although the allegedly hazardous tile was arguably left by Erath after it finished its tile and stonework on the second floor that day, Erath had no responsibility for debris removal. That activity was excluded from Erath's contract with JT Magen, and the testimony confirmed that JT Magen laborers, not Erath's workers, performed that task.
For the same reasons, Supreme Court correctly dismissed plaintiff's common-law and Labor Law § 200 claims. Contrary to plaintiff's argument otherwise, the fact that defendants did not submit evidence of the last time they cleaned or inspected the area is of no moment; JT Magen contracted with defendants to perform those tasks, and, as a result, plaintiff was responsible for clearing debris on the second floor (see Prevost v One City Block LLC, 155 AD3d 531, 535 [1st Dept 2017]).
The indemnity provision in favor of defendants in the Erath-JT Magen contract was not triggered, as plaintiff's accident did not arise out of Erath's work. Although Erath had worked with the materials that allegedly caused plaintiff to trip, Erath left those materials for JT Magen to dispose of as per the parties' contractual duties (see Agard v Port Auth. of N.Y. & N.J., 227 AD3d 404, 404-405 [1st Dept 2024]; Chiarovano v 237 Park Owner, LLC, 232 AD3d 410, 410 [1st Dept 2024]).
Supreme Court also correctly dismissed defendants' common-law indemnity claim against Erath. Because Erath had no duty to perform cleanup, it cannot be negligent for a failure to perform that work.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 9, 2025